[Crim. No. 13461. Third Dist. Feb. 24, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN BENTON CURTIS, Defendant and Appellant.

**COUNSEL**

Robert S. Brill, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Arnold O. Overoye, Assistant Attorney General, William George Prahl and Susan J. Orton, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SIMS, J.**—Defendant John Benton Curtis appeals from a judgment extending his commitment as a mentally disordered sex offender (MDSO). **(1a)** For reasons discussed later, his trial began 28 days before his release date, in violation of former Welfare & Institutions Code section 6316.2, subdivision (d), which required his trial to begin no later than 30 days before his

release date.[1] He contends the statutory time limit is jurisdictional and that his trial was barred. However, we conclude the statutory time limit is directory, not jurisdictional. Since defendant's trial was completed 27 days before his release date, and since we perceive no prejudice from the delay in commencing trial, we affirm the judgment (order) extending defendant's commitment.

### FACTUAL AND PROCEDURAL BACKGROUND

In November 1977, defendant pled guilty to one count of having committed a lewd and lascivious act upon a child under 14 years on July 8, 1977. (Pen. Code, § 288.) He was found by the trial court to be an MDSO who would benefit by care and treatment in a state hospital. On December 21, 1977, defendant was committed to the Department of Mental Health for a maximum term of four years. (§ 6316.1, subd. (a).) On January 6, 1982, defendant's commitment was extended for two additional years and was scheduled to expire on February 9, 1984.

On November 9, 1983, more than 90 days before the expiration of defendant's commitment, the Trinity County District Attorney petitioned to extend defendant's commitment an additional two years. (§§ 6316.1, subd. (a), 6316.2, subd. (b).)

Defendant appeared in court on December 12, 1983, at which time counsel was appointed for him. The matter was continued to January 9, 1984, a date more than 30 days prior to defendant's release date, for purposes of setting a date for trial. (§ 6316.2, subd. (d).) On January 9, 1984, the judge, sitting on assignment, informed both counsel that section 6316.2 required trial to commence not later than 30 days before defendant's release date. Neither the prosecutor nor defense counsel had previously been aware of the time limit. Defendant promptly made a motion to dismiss the action. The court initially ordered trial to begin the next day, January 10, 1984, exactly 30 days prior to the expiration of defendant's commitment.

However, at the time, a vacancy existed in the office of Trinity County's single superior court judge. On January 9, 1984, the trial court also entered a minute order stating, "Due to the unavailability of an assigned judge for tomorrow, January 10, 1984, the hearing for extended commitment will be continued to January 11, 1984 at 10:30 a.m."[2]

---

[1]Former Welfare and Institutions Code sections 6300-6330 were repealed effective January 1, 1982. The repealed sections continue to govern those offenders who were in the MDSO program as of that date. (*Baker* v. *Superior Court* (1984) 35 Cal.3d 663, 665-668 [200 Cal.Rptr. 293, 677 P.2d 219].) All further statutory references are to the repealed sections of the Welfare and Institutions Code unless otherwise indicated.

[2]The record does not show why an assigned judge was unavailable.

On January 11, 1984, the trial court, the Honorable Reginald Littrell, assigned judge, denied defendant's motion to dismiss. Jury trial began before a different judge on January 12, 1984—28 days prior to defendant's release date. The next day the jury found true the allegations of the petition for extended commitment and the trial court entered an order extending defendant's commitment. Defendant timely filed notice of appeal.

## DISCUSSION

At the outset, a brief history of section 6316.2 is helpful. "Section 6316 originally provided for indeterminate commitment. With the advent of determinate sentencing and the imposition of fixed terms for most criminal offenses, section 6316.1 was enacted to provide that a person could not be committed as an MDSO for a period longer than the maximum time that could be imposed for the offense of which he was convicted. At the same time, section 6316.2 was enacted to permit commitment beyond the time prescribed by section 6316.1 where specified conditions were met, namely, that the underlying offense be a felony and that the MDSO suffer from a mental illness predisposing him to commission of sexual offenses to such a degree that he presents a substantial danger of bodily harm to others. The section also set out the procedures to be followed." (*Baker* v. *Superior Court, supra,* 35 Cal.3d at p. 666, fn. 3.)

Subdivision (d) of section 6316.2 provides: "The court shall conduct a hearing on the petition for extended commitment. The trial shall be by jury unless waived by both the patient and the prosecuting attorney. *The trial shall commence no later than 30 days prior to the time the patient would otherwise have been released by the State Department of Mental Health.*" (Italics added.) Defendant contends the trial court should have granted his motion dismiss because his trial commenced later than 30 days prior to the time he would otherwise have been released by the state Department of Mental Health in violation of the statute.

In determining the consequences of failure to comply with section 6316.2's time limits we are to follow the framework established by our Supreme Court in *Pulcifer* v. *County of Alameda* (1946) 29 Cal.2d 258, 262 [175 P.2d 1] and more recently in *People* v. *McGee* (1977) 19 Cal.3d 948, 958-963 [140 Cal.Rptr. 657, 568 P.2d 382]. In *McGee* our high Court explained: ■ "Traditionally, the question of whether a public official's failure to comply with a statutory procedure should have the effect of invalidating a subsequent governmental action has been characterized as a question of whether the statute should be accorded 'mandatory' or 'directory' effect. If the failure is determined to have an invalidating effect, the statute is said to be mandatory; if the failure is determined not to invalidate

subsequent action, the statute is said to be directory. . . . [I]n evaluating whether a provision is to be accorded mandatory or directory effect, courts look to the purpose of the procedural requirement to determine whether invalidation is necessary to promote the statutory design." (19 Cal.3d at p. 958.)

■ With respect to time-limit statutes the general rule is that "requirements relating to the time within which an act must be done are directory rather than mandatory or jurisdictional, unless a contrary intent is clearly expressed." (*Edwards* v. *Steele* (1979) 25 Cal.3d 406, 410 [158 Cal.Rptr. 662, 599 P.2d 1365].) In *Edwards* our high court suggested a proper test of legislative intent is to focus on the likely consequences of holding a particular time limitation mandatory, in an attempt to ascertain whether those consequences would defeat or promote the purpose of the enactment. (25 Cal.3d at p. 410; see *Morris* v. *County of Marin* (1977) 18 Cal.3d 901, 909-910 [136 Cal.Rptr. 251, 559 P.2d 606].)

In determining whether the time limit in section 6316.2, subdivision (d) should be construed as mandatory and jurisdictional, we keep in mind Justice Field's comments in *French* v. *Edwards* (1872) 80 U.S. (13 Wall.) 506, 511 [20 L.Ed. 702, 703], quoted with approval in *McGee, supra:* ■ " 'There are undoubtedly many statutory requisitions intended for the guide of officers in the conduct of business devolved upon them, which do not limit their power or render its exercise in disregard of the requisitions ineffective. Such generally are regulations designed to secure order, system and dispatch in proceedings, and by a disregard of which the rights of parties interested cannot be injuriously affected. Provisions of this character are not usually regarded as mandatory. . . . *But when the requisitions prescribed are intended for the protection of the citizen,* . . . *and by a disregard of which his rights might be and generally would be injuriously affected, they are not directory but mandatory. They must be followed or the acts done will be invalid.* . . .' " (19 Cal.3d at pp. 962-963, fn. omitted, italics added.)

We conclude the provision at issue here, requiring a recommitment trial to begin at least 30 days before an MDSO's release date, is intended for the protection of the public, not MDSOs.

■ The purpose of recommitment procedures set forth in section 6316.2 is to insure against the release of persons previously committed as MDSOs who still pose a substantial danger to society. (See *Baker* v. *Superior Court, supra*, 35 Cal.3d at p. 667; *People* v. *Superior Court (Martin)* (1982) 132 Cal.App.3d 658, 663 [183 Cal.Rptr. 563].)

Except as provided in section 6316.2, an MDSO cannot be kept in actual custody longer than the maximum term of commitment. (§ 6316.1, subd. (a); *Baker* v. *Superior Court, supra,* 35 Cal.3d at p. 666, fn. 3; *In re Moye* (1978) 22 Cal.3d 457, 464 [149 Cal.Rptr. 491, 584 P.2d 1097].) A person may be committed beyond the previously set maximum term only as set forth in section 6316.2. (§ 6316.2, subd. (a).) Under section 6316.2, the court may order a recommitment only following a trial. (§ 6316.2, subds. (d), (e) and (f).) Section 6316.2 contains no provisions allowing the temporary commitment of MDSOs whose terms have expired but whose trials are not completed and who are therefore ineligible for recommitment. Consequently, if an MDSO's trial has not been completed at the expiration of the extant term of commitment, the statutory scheme provides the MDSO must be released from custody.

In these circumstances, we believe the obvious purpose of subdivision (d) of section 6316.2, requiring trial to begin at least 30 days before the end of an MDSO's term, is to provide reasonable assurance trial will be completed and recommitment orders entered in appropriate cases, so that MDSOs who still pose a substantial danger to society will not be released from custody. (See *Baker* v. *Superior Court, supra,* 35 Cal.3d at p. 667; *People* v. *Superior Court (Martin), supra,* 132 Cal.App.3d at p. 663.)

We therefore conclude the 30-day statute at issue was designed to serve a public administrative purpose and was not intended to provide protection or benefit to defendant. (Cf. *People* v. *McGee, supra,* 19 Cal.3d at p. 963.) Moreover, we believe the previously described purposes of section 6316.2 would be defeated if the time provision at issue were given mandatory effect. (See *Edwards* v. *Steele, supra,* 25 Cal.3d at p. 410.) It would be anomalous to construe a statute designed to prevent the release of dangerous people into the community in such a way that an inconsequential violation of a time requirement would allow the very release the statute is designed to prevent. We therefore conclude the trial commencement requirement in subdivision (d) of section 6316.2 is directory, not mandatory, so that its violation in this case did not deprive the trial court of jurisdiction to conduct the trial and enter its recommitment order. (See *Edwards* v. *Steele, supra,* 25 Cal.3d at pp. 412-413.)

This result is not inconsistent with the prior opinion of this court in *People* v. *Pacini* (1981) 120 Cal.App.3d 877 [174 Cal.Rptr. 820]. In *Pacini,* this court considered the failure of the People to timely file a petition to extend the commitment of a defendant found not guilty by reason of insanity. Construing Penal Code section 1026.5, subdivision (b)(2),[3] we held the failure

---

[3]Subdivision (b)(2) then provided in pertinent part, "Such petition shall be filed no later than 90 days before the expiration of the original commitment." (*Pacini, supra,* 120 Cal.App.3d at pp. 887-888, fn. 6.)

of the People to file the requisite petition *until after the term of commitment expired* constituted procedural error of jurisdictional proportions. (*Pacini, supra,* at pp. 889, 891.) However, we twice emphasized we did not consider the question at issue here by analogy—whether the precise "time limits" of the statute were jurisdictional. (*Id.,* at p. 891.)

Here, defendant asserts no error in the filing of the recommitment petition. For reasons previously noted, we conclude the two-day violation of the "time-limit" in subdivision (d) of section 6316.2 was not of jurisdictional consequence. Defendant has shown no prejudice from the delay in starting trial. In these circumstances, we see no reason why the recommitment order should not be affirmed.

### DISPOSITION

The judgment (order) of recommitment is affirmed.

Regan, Acting P. J., and Lytle, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.