[No. B033219. Second Dist., Div. Two. Apr. 12, 1988.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
LEE DRUMMER et al., Real Parties in Interest.

**COUNSEL**

Ira Reiner, District Attorney, Donald J. Kaplan, Eugene D. Tavris and Sterling S. Suga, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Robert L. Kennedy for Real Parties in Interest.

**OPINION**

**THE COURT.\*—** ■ The issue raised by this mandate petition is whether Health and Safety Code section 11488.2 establishes a 15-day statute of limitations for the filing of a petition for forfeiture of currency alleged to be the proceeds of drug trafficking.[1] The Legislature has since specified a one-year statute of limitations. (Health & Saf. Code, § 11488.4, subd. (a), effective Sept. 22, 1987.) This new provision, however, will expire on Janu-

---

\* Before Roth, P. J., Gates, J., and Fukuto, J.

[1] Section 11488.2 provides: "Within 15 days after the seizure, if the peace officer does not hold the property seized pursuant to Section 11488 for evidence or if the law enforcement agency for which such person is employed does not initiate forfeiture proceedings pursuant to Section 11488.1, the officer shall comply with any notice to withhold issued with respect to the property by the Franchise Tax Board. If no notice to withhold has been issued with respect to the property by the Franchise Tax Board, the officer shall return the property to the individual designated in the receipt therefor or if the property is a vehicle, boat, or airplane, it shall be returned to the registered owner."

ary 1, 1989, unless the Legislature acts anew. (*Id.,* § 11488.4, subd. (*l*).) Section 11488.2 has not been repealed or amended.[2]

Executing a search warrant at real parties' home on April 29, 1987, officers of the Los Angeles County sheriff's department found and seized, inter alia, drugs and a large amount of currency. In the next 15 days, the sheriff's department did not initiate forfeiture proceedings; nor did it return the currency to real parties.[3] The record does not suggest the existence of a notice to withhold issued by the Franchise Tax Board. On July 7—some 69 days after the seizure—the sheriff's department brought the seizure to the attention of the district attorney's forfeiture unit. The district attorney filed a petition for forfeiture (§ 11488.1) on July 27.

Relying on section 11488.2, real parties moved to strike the forfeiture petition on the ground it had not been filed within 15 days after the seizure. The trial court granted the motion, and this petition followed.

Petitioner concedes section 11488.2 requires it to return the currency to real parties. It contends, however, that dismissal of the forfeiture proceeding is not a necessary concomitant of return of the seized property, and that section 11488.2 is not a statute of limitations for commencement of a section 11488.1 petition for forfeiture.

Petitioner is correct. A statute of limitations as startlingly short as 15 days should not be inferred from ambiguous language. Section 11488.2 requires only that "the law enforcement agency . . . initiate forfeiture proceedings . . . [or] return the property . . . ." This provision cannot refer to the filing of a forfeiture petition in superior court, for such a petition may be filed only by the Attorney General or the district attorney, not by a law enforcement agency. (§ 11488.1.) The statute requires only that the police take prompt steps toward forfeiture if they intend to hold property not needed as evidence. The controlling statute of limitations is found in Code of Civil Procedure section 340, subdivision (2): one year for an action to enforce a statute prescribing a forfeiture to the state.[4]

■ There is no reason the forfeiture proceeding must be dismissed just because section 11488.2 requires return of the property. A forfeiture pro-

---

[2] Unless otherwise indicated, all statutory references are to the Health and Safety Code, and the discussion of the statute shall be restricted to those provisions in effect in 1987 prior to the September enactment.

[3] A criminal prosecution of real party Lee Drummer was commenced June 1, 1987.

[4] An unnecessary remark inserted in a footnote in *Guerra* v. *United States* (C.D.Cal. 1986) 645 F.Supp. 775, 777, footnote 4, which characterizes section 11488.2 as a statute of limitations, is simply mistaken.

ceeding may be instituted with respect to property whether or not it has been seized. (§§ 11488.1; 11488.4, subd. (c).) (§ 11488.1.) The prosecutor may apply for orders restraining dissipation of the property pendente lite. (§§ 11488.4, subd. (c); 11492, subd. (a).) These provisions demonstrate that forfeiture proceedings are not dependent on the prosecutor's possession of the property. They therefore also support the conclusion that the command to return the property in 15 days leaves the prosecutor free to file the forfeiture petition later.

This is a proper case for issuance of a peremptory writ in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].) All parties were informed the court was considering issuing a peremptory writ in the first instance. The matter having been fully briefed, issuance of an alternative writ would add nothing to the exposition of the issues.

Let a peremptory writ of mandate issue, directing respondent to vacate its order of February 24, 1988, striking the petition for forfeiture, and to enter a new order denying real parties' motions to strike the petition and for judgment on the pleadings.

Roth, P. J., Gates, J., and Fukuto, J., concurred.

A petition for a rehearing was denied May 11, 1988, and the petition of real parties in interest for review by the Supreme Court was denied July 28, 1988.