[No. H004670. Sixth Dist. Nov. 27, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
$6,500 UNITED STATES CURRENCY, Defendant;
ROBERT D'AMBROSIA, Defendant and Appellant.

1544

COUNSEL

Marisa Nayfach, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Martin S. Kaye and Blair W. Hoffman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

PREMO, J.—In a civil forfeiture proceeding brought by the People pursuant to Health and Safety Code section 11470 et seq.,[1] the trial court rendered a judgment which (1) declared $6,500 in United States Currency forfeited to the People, and (2) awarded the People the sum of $6,500 against appellant Robert D'Ambrosia. The judgment indicated that civil liability was imposed upon appellant because the currency was returned to or applied for the benefit of appellant pursuant to a motion and was no longer in possession of the People. On appeal, appellant contends the trial court lacked subject matter jurisdiction. We agree and therefore reverse.

BACKGROUND

Law enforcement officers executing a search warrant in connection with sales of cocaine seized the currency in question from appellant's automobile on April 28, 1987. Appellant was arraigned in municipal court on April 30

---

[1] All further statutory references are to the Health and Safety Code.

on charges of selling cocaine and conspiracy to sell cocaine. On May 5, he executed an unconditional assignment of the currency to his attorney for attorney's fees. On May 6, the district attorney initiated this action in superior court seeking to forfeit the currency as the proceeds of drug trafficking. On the same day, appellant's attorney filed a claim to the currency based upon the assignment. On or about May 6, appellant filed a motion in municipal court seeking return of the currency in order to pay his attorney to defend him against the criminal charges. On May 13, the municipal court denied appellant's motion. On May 21, appellant filed a petition for writ of prohibition/mandamus in superior court which sought to compel the municipal court to determine whether appellant's constitutional right to counsel was being impaired by the district attorney's invocation of the forfeiture statute. On June 1, the superior court ordered the municipal court to (1) determine whether or not appellant had other funds with which to hire counsel of his choice, (2) determine whether or not the fees requested were reasonable, and (3) order payment of all or a portion of the currency to appellant's attorney if it should determine that appellant had insufficient funds from any other source with which to hire counsel. On June 5, the municipal court heard the matter and ordered all of the funds released to appellant's attorney.[2] Thereafter, the funds were released.

Ultimately, appellant's preliminary hearing was held and an information was filed in superior court. The superior court ordered the district attorney's forfeiture petition tried at the same time as the criminal matter. On December 18, 1987, appellant was convicted by a jury of the criminal charges. A jury trial was waived in the forfeiture matter and, on March 23, 1988, the trial court issued a statement of decision that found the People sustained their burden of proving that the currency was used for a purpose, for which forfeiture is permitted. The judgment was rendered on May 3, 1988.

## DISCUSSION

Section 11470, subdivision (f), "makes subject to forfeiture moneys furnished in exchange for a controlled substance or used or intended to be used

---

[2] Because the prosecution failed to petition for review of the superior court's order, the correctness of it and the municipal court's compliance is not before us. Parenthetically, however, we point out that the court order appears to be in direct conflict with a recent United States Supreme Court decision.

In *Caplin & Drysdale v. United States* (1989) 491 U.S. 617 [105 L.Ed.2d 528, 109 S.Ct. 2646], the Supreme Court upheld a federal court order freezing assets seized under the Racketeer Influenced and Corrupt Organizations Act (RICO) which a defendant sought for purposes of paying an attorney to defend him. In so ruling, the Supreme Court held that the defendant's right to counsel choices under the Sixth Amendment or the due process clause of the Fifth Amendment of the United States Constitution was not violated.

to facilitate any violation of the controlled substance laws." (*People* v. *Superior Court (Moraza)* (1989) 210 Cal.App.3d 592, 596 [258 Cal.Rptr. 499].) ■ The theoretical basis for the forfeiture of money is not because the owner is criminally charged, but because the money is ill-gotten fruit of illicit activity. (*Id.* at p. 599.) " 'The seemingly harsh rule which permits condemnation . . . without regard to the owner's culpability is explained by the fact that historically forfeiture is a civil proceeding *in rem*. The vehicle or other inanimate object is treated as being itself guilty of wrongdoing, regardless of its owner's conduct.' [Citation.]" (*Ibid.*)

The California Supreme Court has specifically addressed the nature of a forfeiture proceeding under the Health and Safety Code as follows: "A statutory or legislative forfeiture is *in rem* against the property itself. . . . The forfeiture [of an automobile] prescribed by the Health and Safety Code is *in rem*."[3] (*People* v. *One 1941 Chevrolet Coupe* (1951) 37 Cal.2d 283, 286 [231 P.2d 832].)

■ "It is axiomatic that *in rem* jurisdiction exists in an action only where the subject matter of the action . . . is within the jurisdiction of the court in which the action lies." (*American Bank of Wage Cl.* v. *Registry of Dist. Ct. of Guam* (9th Cir. 1970) 431 F.2d 1215, 1218.) Stated another way, the prerequisite to a court's exercise of in rem jurisdiction over property being subjected to a forfeiture proceeding is the court's actual or constructive possession of the property. (*Strong* v. *United States* (1st Cir. 1931) 46 F.2d 257, 260 ["It has been decided over and over again that the basic fact to the exercise of the court's jurisdiction under statutes authorizing the condemnation of outlawed property is its actual or constructive possession of the property."].)

Here, the currency being subjected to the forfeiture proceeding was ordered unconditionally released by a court, the People did not challenge the order, the currency was released, and the order became final. The forfeiture proceeding therefore became moot. (Cf. *American Bank of Wage Cl.* v. *Registry of Dist. Ct. of Guam, supra,* 431 F.2d at p. 1218 [appeals from orders relating to distribution of proceeds of sale of vessel in actions based on claims against vessel were dismissed where no stay was requested or bond filed and proceeds were disbursed].)

The People argue that the following language of the forfeiture statute nevertheless permits forfeiture in this case: "Physical seizure of assets shall not be necessary in order to have that particular asset alleged to be forfeita-

---

[3] It is thus patently clear that there is no basis for the judgment in this case insofar as it imposes a personal liability upon appellant. The People do not contend otherwise.

ble in a petition under this section. The prosecuting attorney may seek protective orders for any asset pursuant to Section 11492." (§ 11488.4, subd. (b).) We disagree.

■ Statutes imposing forfeitures are not favored and are strictly construed in favor of persons against whom they are sought to be imposed. (*People* v. *One 1937 Lincoln etc. Sedan* (1945) 26 Cal.2d 736, 738 [160 P.2d 769].) ■ Here, section 11488.4, subdivision (b), facially states no more than the principle that actual possession of an asset alleged to be forfeitable is not necessary to support jurisdiction. By no means does the language dispense with the minimal historical jurisdictional requirement of constructive possession. The People's construction of the statute is inconsistent with the very foundation of in rem jurisdiction. We will not so construe the statute in the absence of a manifestly clear indication by the Legislature that it intended such a construction.

*People* v. *Superior Court* (*Drummer*) (1988) 200 Cal.App.3d 105 [245 Cal.Rptr. 825], does not support the People's construction of section 11488.4, subdivision (b). The issue in *Drummer* was whether section 11488.2 established a 15-day statute of limitations for the filing of a petition for forfeiture. That statute generally requires law enforcement officers to return property within 15 days after seizure unless it is held for evidence or a petition for forfeiture is filed. Upon motion of the real party in interest, the trial court dismissed the district attorney's petition for forfeiture because it had not been filed within 15 days after the seizure. The court issued a peremptory writ of mandate directing the trial court to vacate its order and enter an order denying the motion. The court merely held that there was no reason to dismiss the forfeiture proceeding just because the statute required the money to be returned. It noted that the forfeiture provisions permitted a forfeiture proceeding to be instituted though property had not been seized, and allowed the prosecution an option to apply for orders restraining dissipation of the property pendente lite. In this context, the court stated: "These provisions demonstrate that forfeiture proceedings are not dependent on the prosecutor's possession of the property. They therefore also support the conclusion that the command to return the property in 15 days leaves the prosecutor free to file the forfeiture petition later." (*Drummer, supra,* at p. 108.)

■ *Drummer* merely stands for the proposition that there is no specified statute of limitations for a forfeiture proceeding under the Health and Safety Code. ■ Implicit in *Drummer*'s holding and the forfeiture provisions is that a district attorney seeking forfeiture of property not in his actual possession must, at the very least, promptly obtain constructive pos-

1548

session via a restraining order pendente lite or he assumes the risk that the property will be dissipated.

The People secondarily argue that the exception to the rule of constructive possession applies in this case. This exception states that a court can compel return of property which was accidentally, fraudulently, or improperly removed from its jurisdiction. (*American Bank of Wage Cl.* v. *Registry of Dist. Ct. of Guam, supra,* 431 F.2d at p. 1219.) The People reason that the money was improperly released in this case because recent authority has concluded "that the California statutory scheme authorizes forfeiture of even that property necessary for the retention of private counsel, and . . . that such retention is not prohibited by the constitutional right to counsel." (*People* v. *Superior Court* (*Clements*) (1988) 200 Cal.App.3d 491, 494 [246 Cal.Rptr. 122].)

The People's analysis is misplaced. ■ "A judgment or order of a court of general jurisdiction . . . is presumed to be valid, i.e., the court is presumed to have jurisdiction of the subject matter and the person, and to have acted within its jurisdiction." (8 Witkin, Cal. Procedure (3d ed. 1985) Attack on Judgment in Trial Court, § 5, pp. 409-410.) "If a judgment, no matter how erroneous, is within the jurisdiction of the court, it can only be reviewed and corrected by one of the established methods of direct attack." (*Id.* at § 1, p. 403.) ■ Thus, the finality of the municipal court's order releasing the currency established the propriety of the order. It follows that the release of the currency was not improper.

Finally, the People assert that, by filing a claim for the currency, appellant's attorney submitted himself to the jurisdiction of the court such that the court can properly order him to repay the funds.

The People misread the sole authority cited for this proposition. In *United States* v. *A Parcel of Real Property* (E.D.La. 1987) 650 F.Supp. 1534, the United States sought forfeiture of land belonging to one Seraydar, and Seraydar filed a claim contesting the seizure. Seraydar also filed a counterclaim against the United States for $25,000 in condominium maintenance fees, real estate taxes, court costs, and attorney's fees. The United States filed a counterclaim against Seraydar for indemnification in the event the United States lost a counterclaim filed against it by a bank. Seraydar argued that the government's counterclaim was unauthorized because the action was in rem against the seized property. The court rejected this argument because personal jurisdiction over Seraydar was based upon Seraydar's counterclaim, as distinguished from his claim. It stated its conclusion as follows: "However, while it may be true that the statute does not provide for *in personam* jurisdiction over a claimant, Mr. Seraydar has effectively

submitted himself to the jurisdiction of this Court by making his counter-claim." (*Id.* at p. 1542.)

We summarize our conclusions as follows:

1. The subject matter of this in rem proceeding was not in the actual or constructive possession of the court. Therefore, the court did not have subject matter jurisdiction.

2. The Health and Safety Code does not abolish the traditional foundation for in rem jurisdiction, the exception to the rule of actual or constructive possession does not apply, and there is no justification to exercise in personam jurisdiction over appellant's attorney. Therefore, ordering repayment would "implicitly erase the distinction between *in personam* and *in rem* jurisdiction and work an unprecedented extension of the latter." (*American Bank of Wage Cl.* v. *Registry of Dist. Ct. of Guam, supra,* 431 F.2d at p. 1219.)

The judgment is reversed. The trial court is directed to enter a judgment dismissing the People's petition.

Agliano, P. J., and Elia, J., concurred.

A petition for a rehearing was denied December 15, 1989, and respondent's petition for review by the Supreme Court was denied February 14, 1990.