[No. A044590. First Dist., Div. One. Feb. 13, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
FIFTEEN THOUSAND TWO HUNDRED SEVENTEEN
DOLLARS, Defendant;
KATHRYN G. STREEM, Real Party in Interest and Appellant.

**COUNSEL**

Kathryn G. Streem, in pro. per., and Anne Flower Cumings for Real Party in Interest and Appellant.

Jayne W. Williams, City Attorney, Joyce M. Hicks, Curtis S. Kidder, Wendy P. Rouder and Doryanna Moreno, Assistant City Attorneys, John J. Meehan, District Attorney, Dennis J. McLaughlin, Deputy District Attorney, John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, Philip E. Callis, Victor D. Sonenberg and Christy Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RACANELLI, P. J.**—This appeal concerns the forfeiture of cash seized from a drug dealer. The question before us is whether the drug dealer's former wife and judgment creditor for spousal and child support arrearages is entitled to personal service of the forfeiture proceeding. We affirm the judgment below.

### FACTS

The facts are essentially uncontroverted: Martin Gustafson was arrested on October 20, 1987, on narcotics charges. At the time of his arrest, the police seized $15,217 in cash from Gustafson's home.

On November 13, 1987, the district attorney served Gustafson with a notice of forfeiture and also caused a notice of forfeiture to be published three times in a local newspaper. The law firm of Cooper & Arguedas (Gustafson's attorneys) filed a claim of interest in the money. The district attorney thereupon filed a petition for forfeiture to place the matter before the court.

On April 13, 1988, the court entered an order of forfeiture, pursuant to stipulation, which provided for the release of $7,500 to Cooper & Arguedas and forfeiture of the remainder.[1] The monies were paid in June 1988.

On October 7, 1988, nearly six months after the order of forfeiture, appellant Kathryn Streem moved pursuant to Code of Civil Procedure section 473 to set aside the order of forfeiture on the ground that, as a judgment creditor for family support, she had a lawful claim to the money but had never received notice of the forfeiture proceedings. Streem declared

---

[1] The remaining money was distributed pursuant to statutory mandate (Health & Saf. Code, § 11489): 65 percent to the Oakland Chief of Police; 20 percent to the State Department of Mental Health; 10 percent to the Alameda County District Attorney's Office; and 5 percent to the State Narcotics Assistance and Relinquishment by Criminal Offender Fund.

that at the time of the April 13 forfeiture order, Gustafson, her former husband, owed her $10,155 in back due child support and spousal support. She further declared that shortly after Gustafson's arrest, she instructed her attorney to determine whether any money had been seized and to inform the district attorney of her interest in the funds seized. Streem's attorney, Kathleen Ryan, had represented Streem in obtaining a restraining order during the dissolution proceedings.

In November 1987, Ms. Ryan, according to her declaration, inquired of the district attorney who informed her that Streem had no cognizable claim to the money. However, he did not inform Ms. Ryan about the claim procedure.

In his declaration in opposition to the motion, the district attorney declared that he had only expressed an opinion to Ms. Ryan that Streem would have no claim; that he *did* inform Ms. Ryan of the claim procedure, and that Ms. Ryan replied that she intended to file a claim to protect her client's interest.

The trial court denied the motion on the grounds that Streem was not an interested party and that the court lacked jurisdiction to vacate the in rem judgment. Streem now appeals.

DISCUSSION

I. *Personal Notice*

Health and Safety Code sections 11470-11489[2] set forth a detailed procedure for the seizure and forfeiture of money proceeds, inter alia, traceable to unlawful drug transactions. Under the statutory scheme, title to the forfeitable property vests in the state from the time of the illegal conduct (§ 11470, subd. (h)) subject, however, to the proviso that any person claiming an interest in the property may file a verified claim in superior court within the time provided. (§ 11488.5.)

In order to satisfy due process requirements, the statute specifies three types of notice of the forfeiture proceedings. First, the person from whose possession the property was seized is entitled to service of the petition of forfeiture. (§ 11488.4, subd. (c).) Second, "any [other] person who has an interest in the seized property" is entitled to service of a notice of seizure

---

[2] Unless otherwise indicated, all further statutory references are to the Health and Safety Code.

and intended forfeiture along with instructions on filing a claim. (§ 11488.4, subds. (c), (j)(5).) And third, notice of forfeiture must be published once a week for three consecutive weeks in a newspaper of general circulation in the county of seizure. (§ 11488.4, subd. (e).)

■ Streem argues that she qualifies as an interested person who should have received personal notice and therefore the order of forfeiture is void. The trial court correctly rejected the argument.

It is beyond question that the designated "interested party" includes a bona fide or innocent purchaser or a person holding a valid lien, mortgage, security interest or interest under a conditional sales contract, as expressly provided under the relevant statutes. (§§ 11488.6, 11489, subd. (a).) But Streem had no such interest in the $15,217 in currency. Although she had a valid judgment, it did not —without more— give her a lien on, or a security interest in, Gustafson's cash which was seized.

We recognize, of course, that a recorded judgment for child and spousal support payments will create a lien on the debtor's *real* property (Code Civ. Proc., §§ 697.320, 697.340) and that a judgment lien may also be created on the debtor's *personal* property by virtue of a levy under a writ of execution (Code Civ. Proc., §§ 697.520, 699.010 et seq.) or by perfecting a security interest (Code Civ. Proc., § 697.530). However, Streem did not levy under a writ of execution, and the security interest procedure is not applicable to currency. (Code Civ. Proc., § 697.530.) Consequently, all Streem possessed was an unsecured judgment-debt owed her by Gustafson.

Because the California forfeiture statute is patterned after the federal statute (21 U.S.C. § 881), federal case law is instructive. The federal courts have held that although an unsecured creditor has a broad interest in the entire estate of the debtor criminal defendant, an unsecured creditor has no interest in any particular asset. Thus, the interest of an unsecured creditor in seized currency is not cognizable in forfeiture proceedings. (E.g., *United States* v. *Campos* (6th Cir. 1988) 859 F.2d 1233, 1238-1239 [creditors owed money wages and money for goods sold were not interested parties entitled to challenge forfeiture]; see *United States* v. *Reckmeyer* (4th Cir. 1987) 836 F.2d 200, 206, fn. 3; cf. *United States* v. *$41,305 in Currency* (11th Cir. 1986) 802 F.2d 1339, 1346 [creditor proving perfected security interest in money may intervene in forfeiture proceeding].) It has also been held that even when the debtor criminal defendant had earmarked the funds for the benefit of another, the intended recipient has no legally cognizable interest in the assets. (*United States* v. *Four Million, Two Hundred Fifty-Five Thous.* (11th Cir. 1985) 762 F.2d 895, 907, cert. den. 474 U.S. 1056 [88 L.Ed.2d

772, 106 S.Ct. 795] [holder of check drawn on seized bank account has neither legal nor equitable interest in deposited funds]; *United States* v. *$47,875.00 in U.S. Currency* (5th Cir. 1984) 746 F.2d 291, 293-294 [parents who gave son money to finance oil venture had no legally cognizable interest in seized currency].)

As Gustafson's former wife entitled to support arrearages under the terms of a decree, Streem's standing is simply that of an unsecured creditor of Gustafson. Without more, Streem had no legally cognizable interest in the seized currency which would have entitled her to personal notice as an interested party.[3]

Undaunted, Streem also argues that public policy considerations favoring enforcement of spousal and child support judgments should accord her status as an interested party. We cannot agree. The designation of property exempt from forfeiture is solely within the province of the Legislature. Although the Legislature has exempted from forfeiture certain family assets (§ 11470, subds. (e) [family car], (g) [family residence]), it has not in its wisdom provided a similar exemption for money due and owing for spousal or child support.

Accordingly, we are compelled to conclude that, under the relevant statutes, Streem is not a person with an interest in the seized property and thus was not entitled to personal notice.

## II. *Proof of Publication*

■ Finally, Streem argues that even if notice by publication were permissible, the district attorney was not entitled to the order of forfeiture without submitting proof of publication. Streem relies on section 585, subdivision (c) of the Code of Civil Procedure, which provides in pertinent part: "Judgment may be had, if the defendant fails to answer the complaint, as follows:

". . . . . . . . . . . . . . . .

"(c)   In all actions where the service of the summons was by publication the plaintiff, upon the expiration of the time for answering, may, *upon proof*

---

[3] One federal court suggested by way of dictum that a person might have an interest in the seized property "through a spousal right or a recorded lien on the property . . . ." (*United States* v. *Campos, supra,* 859 F.2d at p. 1238.)

Streem argues that the term "spousal right" indicates the court's recognition of spousal *support* debts. But the court's language seems to apply to an existing community property interest or other direct spousal entitlement to a particular asset.

*of the publication,* and that no answer . . . has been filed, apply in writing for judgment." (Italics added.)

Her reliance is misplaced. That statute applies to entry of default judgment in an in personam action where personal jurisdiction is obtained by service of summons. In contrast, the present proceeding was an in rem action wherein the court acquired jurisdiction through custody of the res—the seized property.

In any event, the district attorney *did* submit proof of publication in connection with Streem's motion for relief from default. Consequently, Streem's alternative argument is unavailing.

In view of our determination, we need not reach the remaining issues raised in the briefs.

The order is affirmed.

Newsom, J., and Stein, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied May 2, 1990.