[No. F013379. Fifth Dist. Jan. 28, 1991.]

THE PEOPLE, Plantiff and Appellant, v.
PROPERTY LISTED IN EXHIBIT ONE, Defendant;
ROBERT GRUBB, Defendant and Respondent.

[No. F013805. Fifth Dist. Jan. 28, 1991.]

THE PEOPLE, Plaintiff and Appellant, v.
$4,703.02 UNITED STATES CURRENCY, Defendant;
KENNETH WAYNE REED, Defendant and Respondent.

COUNSEL

John K. Van de Kamp, Attorney General, Gary W. Schons, Deputy Attorney General, David D. Minier and Edward R. Jagels, District Attorneys, William F. Mar and Robin M. Walters, Deputy District Attorneys, for Plaintiffs and Appellants.

David E. Roberts, Frank Butler, Chain, Younger, Lemucchi, Cohn & Stiles and Frank Butkiewicz for Defendants and Respondents.

OPINION

BEST, P. J.—

### INTRODUCTION

These consolidated appeals present the novel issue of whether a forfeiture proceeding must be dismissed when the People fail to file a petition of forfeiture within 30 days after a claim is filed as required by Health and Safety Code section 11488.4, subdivision (j).[1] We conclude the People's failure to comply with section 11488.4, subdivision (j)'s 30-day limitation does not invalidate the subsequent proceedings so long as the petition of forfeiture is filed within the 1-year statute of limitations of section 11448.4, subdivision (a).

### PROCEDURAL HISTORY

Defendants Reed and Grubb had property connected with alleged drug violations seized by law enforcement officers. Defendants were served with a notice of nonjudicial forfeiture pursuant to section 11488.4, subdivision (j). In response, they filed claims pursuant to section 11488.5, subdivision (a)(1). The district attorneys of the respective counties filed petitions of forfeiture. The petition of forfeiture for Reed's property was filed 37 days after he filed his claim; the petition of forfeiture for Grubb's property was

---

[1] All statutory references are to the Health and Safety Code unless otherwise indicated.

filed 65 days after he filed his claim. Defendants moved to have the petitions dismissed on the ground the People failed to comply with the 30-day time limitation of section 11488.4, subdivision (j). Neither defendant claimed prejudice as a result of the delay; however, the trial courts granted the motions and dismissed the petitions. The People appeal the dismissals.

DISCUSSION

*The Forfeiture Statutes*

Sections 11470-11489 set forth a detailed procedure for the seizure of property connected with and proceeds traceable to unlawful drug transactions. Under the statutory scheme, title to the forfeited property vests in the state from the time of the illegal conduct (§ 11470, subd. (h)), subject to the proviso that any person claiming an interest in the property may file a verified claim in superior court within the time provided. (§ 11488.5.) (*People* v. *Fifteen Thousand Two Hundred Seventeen Dollars* (1990) 218 Cal.App.3d 720, 723 [268 Cal.Rptr. 450].)

Section 11488 permits a peace officer, incident or subsequent to making an arrest for specified controlled substance offenses, to seize any item subject to forfeiture.

Section 11488.4 governs the commencement of forfeiture proceedings for moneys or other things of value not automatically made forfeitable under another provision. Subdivisions of that section at issue here provide in pertinent part:

"(a) Except as provided in subdivision (j), if the Department of Justice or the local governmental entity determines that the factual circumstances do warrant that the moneys, . . . or other things of value seized or subject to forfeiture come within the provisions of subdivisions (a) to (g), inclusive, of Section 11470, and are not automatically made forfeitable or subject to court order of forfeiture or destruction by another provision of this chapter, the Attorney General or district attorney shall file a petition of forfeiture with the superior court . . . .

"A petition of forfeiture under this subdivision *shall be filed within one year of the seizure of the property* which is subject to forfeiture . . . .

". . . . . . . . . . . . . . . . . .

"(g)(1) No sooner than 10 days after a petition is filed pursuant to Section 11488.4, a claimant, who alleges standing based on an interest in the proper-

ty which arose prior to the seizure or filing of the petition for forfeiture, whichever occurs first, may move the court for the return of the property named in the claim on the grounds that there is not probable cause to believe that the property is subject to forfeiture pursuant to Section 11470 . . . .

. . . . . . . . . . . . . . . . . . .

"(j) The Attorney General or the district attorney of the county in which the property is subject to forfeiture under Section 11470 may, pursuant to this subdivision, order forfeiture of personal property not exceeding one hundred thousand dollars ($100,000) in value. The Attorney General or district attorney shall provide notice of proceedings under this subdivision . . . including: . . . [¶] (5) The instructions for filing a claim with the superior court pursuant to Section 11488.5 and the time limits for filing a claim. If no claims are timely filed, the Attorney General or the district attorney shall prepare a written declaration of forfeiture of the subject property to the state and dispose of the property in accordance with Section 11489. . . .

"If a claim is timely filed and served, then the Attorney General or district attorney *shall file a petition of forfeiture pursuant to this section within 30 days of the receipt of the claim*. The petition of forfeiture shall then proceed pursuant to other provisions of this chapter, except that no additional notice need be given and no additional claim need be filed." (Italics added.)

*Judicial Versus Nonjudicial Forfeiture*

Under section 11488.4, subdivision (j), if the property is within the jurisdictional amount, the district attorney may declare the property forfeit without a judicial proceeding. ■ This procedure is known as nonjudicial or administrative forfeiture and was enacted to provide forfeiture without court involvement. (Rep. on Assem. Bill No. 4145, Assem. Com. on Pub. Safety (1985-1986 Reg. Sess.) p. 3.) There is a comparable federal procedure. (See e.g., *United States* v. *United States Currency etc.* (7th Cir. 1985) 754 F.2d 208, 211-212.)[2]

With nonjudicial forfeiture, if the district attorney provides the requisite notice and no claim is filed, the district attorney prepares a written declaration of forfeiture of the subject property to the state and disposes of the property in accordance with section 11489. (§ 11488.4, subd. (j).) The purpose of nonjudicial forfeiture is to save the government the time and expense of a judicial proceeding in cases where the value of the property

[2]Because the California forfeiture statute is patterned after the federal statute (21 U.S.C. § 881), federal case law is instructive. (*People* v. *Fifteen Thousand Two Hundred Seventeen Dollars, supra,* 218 Cal.App.3d 720, 724.)

seized is small. (*United States* v. *United States Currency etc., supra,* 754 F.2d at p. 211.)

The nonjudicial forfeiture proceeding is terminated, however, if anyone duly submits a claim to the seized property in response to the notice of nonjudicial forfeiture. If a claim is filed, the district attorney cannot pursue nonjudicial forfeiture but must initiate a judicial forfeiture proceeding. (Analysis of Assem. Bill No. 4145, Aug. 20, 1986, p. 2; Rep. to Sen. Com. on Judiciary on Assem. Bill No. 4145 as amended Aug. 11, 1986, pp. 3-4; and cf. *United States* v. *United States Currency etc., supra,* 754 F.2d at p. 212.)

Section 11488.4, subdivision (j) requires the district attorney to file the petition of forfeiture with the court within 30 days of the receipt of the claim. In the cases at bar, the district attorney did not file within the 30-day period.

*Effect of Failure to Comply with Section 1488.4, Subdivision (j)'s Time Limits*

■ In determining the consequences of failure to comply with section 11488.4, subdivision (j)'s time limit, we follow the framework set out by the Supreme Court in *People* v. *McGee* (1977) 19 Cal.3d 948 [140 Cal.Rptr. 657, 568 P.2d 382].

■ "Traditionally, the question of whether a public official's failure to comply with a statutory procedure should have the effect of invalidating a subsequent governmental action has been characterized as a question of whether the statute should be accorded 'mandatory' or 'directory' effect. If the failure is determined to have an invalidating effect, the statute is said to be mandatory; if the failure is determined not to invalidate subsequent action, the statute is said to be directory . . . . [I]n evaluating whether a provision is to be accorded mandatory or directory effect, courts look to the purpose of the procedural requirement to determine whether invalidation is necessary to promote the statutory design." (19 Cal.3d at p. 958.)

In making the determination, we distinguish between the mandatory versus permissive language analysis and the mandatory versus directive effect analysis. ■ In the former, the term "mandatory" refers to an obligatory procedure which a governmental entity is required to follow as opposed to a permissive procedure which the entity may follow or not as it chooses. By contrast, the "mandatory" or "directory" designation does not refer to whether a particular statutory requirement is "permissive" or "obligatory," but simply denotes whether the failure to comply with the particular procedural step will invalidate the governmental action at issue.

(*People* v. *McGee, supra*, 19 Cal.3d at pp. 958-959.) In this regard, many statutory provisions which are mandatory in the obligatory sense are accorded only directory effect. (*Id.* at p. 959.)

■ Thus, the question is not whether the term "shall" in section 11488.4, subdivision (j) is mandatory or permissive, but whether the term "shall" is to be given mandatory or directory effect. If it is directory, the fact that the petition was not filed within 30 days does not invalidate the petition or require dismissal.

■ With respect to time limit statutes, the general rule is that "requirements relating to the time within which an act must be done are directory rather than mandatory or jurisdictional, unless a contrary intent is clearly expressed." (*Edwards* v. *Steele* (1979) 25 Cal.3d 406, 410 [158 Cal.Rptr. 662, 599 P.2d 1365].) Further, an intent to divest the court of jurisdiction by time requirements is not read into a statute unless that result is expressly provided or otherwise clearly intended. (*Garrison* v. *Rourke* (1948) 32 Cal.2d 430, 435 [196 P.2d 884].) In making the determination, the court focuses on the likely consequences of holding a particular time limit mandatory, with an eye to whether those consequences would promote or defeat the purpose of the enactment. (*People* v. *Curtis* (1986) 177 Cal.App.3d 982, 988 [223 Cal.Rptr. 397].)

■ There is no mechanical test for determining whether a provision should be given directory or mandatory effect. However, to make the determination, the court must ascertain the legislative intent. In the absence of express language, the intent is gathered from the terms of the statute construed as a whole, from the nature and character of the act to be done, and from the consequences which would follow the doing or failure to do the particular act at the required time. When the object is to subserve a public purpose, the provision may be held directory or mandatory as will best accomplish the purpose. (*Morris* v. *County of Marin* (1977) 18 Cal.3d 901, 909-910 [136 Cal.Rptr. 251, 559 P.2d 606].)

Section 11488.4, subdivision (j) is silent on the remedy for violation of its time limits. ■ However, nothing in that subdivision can be read to require, or even suggest, that a timing error must result in the dismissal of a forfeiture proceeding.

An analogous forfeiture statute, section 11488.2, which imposes another filing time limit, provides that the seized property is to be returned to the

owner if a petition of forfeiture is not filed within 15 days.[3] In *People* v. *Superior Court (Drummer)* (1988) 200 Cal.App.3d 105 [245 Cal.Rptr. 825], the court rejected an argument, similar to the one made in this case, that failure to file a petition for forfeiture within 15 days of seizure barred the action under section 11488.2. The court noted the statute requires only that the police take prompt steps toward forfeiture if they intend to hold property not needed as evidence. The 15-day period was not a statute of limitations. Rather, the statute of limitations was one year as specified in Code of Civil Procedure section 340, subdivision (2) (to enforce a statute prescribing a forfeiture to the state). (*People* v. *Superior Court (Drummer)*, *supra*, 200 Cal.App.3d at p. 107.) The one-year statute of limitations for filing forfeiture proceedings is now specified in section 11488.4, subdivision (a).

The conclusion that section 11488.4, subdivision (j) imposes a 30-day jurisdictional limitation on the filing of a judicial forfeiture proceeding conflicts with section 11488.4, subdivision (a)'s 1-year-after-seizure-of-the-property filing period. ■ In construing a statute, "the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole." (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) The sections "must be harmonized, both internally and with each other, to the extent possible." (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387 [241 Cal.Rptr. 67, 743 P.2d 1323].) Therefore, if possible, we must harmonize the one-year and thirty-day time prescriptions of section 11488.4, subdivisions (a) and (j).

■ A conclusion that section 11488.4, subdivision (a)'s one-year filing period provides the jurisdictional time limit does not render section 11488.4, subdivision (j)'s thirty-day period meaningless. The effect of the 30-day direction is: if 30 days pass after the filing of a claim and no petition is filed, the nonjudicial forfeiture proceeding terminates. At that time, the owner of the property is entitled to its return because the property is not being held pursuant to a forfeiture proceeding.[4] Further, the time limit can be looked to as providing a starting point for a possible due process inquiry based on delay. (*People* v. *Echols* (1982) 138 Cal.App.3d 838, 842 [188 Cal.Rptr. 328].)

The legislative history of section 11488.4, subdivision (j) does not reveal the purpose for the 30-day period. The Attorney General suggests the

---

[3] The section provides that within 15 days after the seizure, if the peace officer does not hold the property seized pursuant to section 11488 for evidence or the law enforcement agency which employs the person does not initiate forfeiture proceedings, the officer shall return the property to the owner.

[4] The fact that an owner is entitled to return of property does not foreclose the initiation of a forfeiture proceeding, however. (*People* v. *Superior Court (Drummer)*, *supra*, 200 Cal.App.3d at pp. 107-108.)

30-day interval creates a period during which the prosecutor can review the claim and determine whether to proceed with a judicial forfeiture while the property remains in official custody. In this respect, section 11488.4, subdivision (j) is the prosecutor's counterpart to section 11488.2 which gives the seizing agency 15 days to refer the matter to the prosecutor for the initiation of forfeiture proceedings. By analogy to the reasoning in *People* v. *Superior Court* (*Drummer*), *supra*, 200 Cal.App.3d 105, section 11488.4, subdivision (j) requires only that the prosecutor take prompt steps toward forfeiture if he or she intends to file a judicial forfeiture proceeding after a claim is filed. That construction protects the claimant's due process rights to an expeditious determination of entitlement to the seized property but does not unduly penalize the People for a delay which does not prejudice the claimant.

Both the government and the claimant have an interest in a rule that allows the government some time to investigate the situation to determine whether the facts entitle the government to forfeiture so that, if not, the government can return the property without formal proceedings. (*United States* v. *$8,850* (1983) 461 U.S. 555, 565 [76 L.Ed.2d 143, 152-153, 103 S.Ct. 2005].) Pending criminal proceedings present a similar justification for delay in instituting forfeiture proceedings. A prior or contemporaneous forfeiture proceeding could substantially hamper the criminal proceeding. (*Id*. at p. 567 [76 L.Ed.2d at p. 154]; and see § 11488.5, subd. (e) which provides for the continuance of a forfeiture hearing until the related criminal proceeding is resolved.)

■ Moreover, to construe the 30-day limitation as a mandatory statute of limitations would defeat the legislative intent of the forfeiture statutes which is to strip drug dealers of the tools and profits of their illicit trade. (*People* v. *Superior Court* (*Clements*) (1988) 200 Cal.App.3d 491, 499 [246 Cal.Rptr. 122].) The "mandatory" interpretation would permit a drug trafficker to retain his economic base because a prosecutor missed a filing deadline without regard to any prejudice to the trafficker.

In construing another statutory time limitation, the United States Supreme Court recently said:

"There is no presumption or general rule that for every duty imposed upon the court or the government and its prosecutors there must exist some corollary punitive sanction for departures or omissions, even if negligent. [Citation] ('[M]any statutory requisitions intended for the guide of officers in the conduct of business devolved upon them . . . do not limit their power or render its exercise in disregard of the requisitions ineffectual'). In our view, construction of the Act must conform to the ' "great principle of public policy, applicable to all governments alike, which forbids that the

public interests should be prejudiced by the negligence of the officers or agents to whose care they are confided." ' [Citations.]" (*U.S.* v. *Montalvo-Murillo* (1990) 495 U.S. __, __ [109 L.Ed.2d 720, 730, 110 S.Ct. 2072].)

*Dwyer* v. *U.S.* (S.D.Cal. 1989) 716 F.Supp. 1337, cited by Reed, does not compel a different result. There a car owner moved for return of her vehicle which was seized after her friend used it to transport materials for manufacturing methamphetamine. The applicable statute, entitled "Expedited Procedures For Seized Conveyances," required the head of the department or agency that seized the car to furnish written notice to the owner of the legal and factual basis of the seizure "[a]t the earliest practical opportunity after determining ownership." It also required that the government file its forfeiture complaint within 60 days after a claimant has filed his claim and cost bond. If the government does not file its complaint within the specified time, the conveyance must be returned to the owner and "forfeiture may not take place." (21 U.S.C. § 881-1(c); *Dwyer* v. *U.S.*, *supra*, 716 F.Supp. at p. 1339.) The court concluded that it should permanently return the claimant's vehicle in light of the government's unnecessary 62-day delay in sending the seizure notice. (*Id.* at pp. 1339-1340.) *Dwyer* is distinguishable from this case because 21 United States Code section 881-1 specifies that forfeiture is barred if the time limitations are not met; section 11488.4, subdivision (j) does not.

▆ In summary, since nothing in the statute suggests a mandatory effect intent and the likely consequence of holding the time limitation mandatory would defeat rather than promote the purpose of the enactment, section 11488.4, subdivision (j) should be accorded directory rather than mandatory effect. Given this conclusion, the judgments must be reversed.

### DISPOSITION

The judgments are reversed.

Stone (W. A.), J., and Harris, J., concurred.