[No. A057910. First Dist., Div. One. June 10, 1993.]

THE PEOPLE, Plaintiff and Appellant, v.
TEN $500 BARCLAYS BANK VISA TRAVELER'S CHECKS,
Defendant;
SPIRIT ACACIA CONNELL, Defendant and Respondent.

476

## COUNSEL

Daniel E. Lungren, Attorney General, George H. Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, and Jeffrey J. Koch, Deputy Attorney General, for Plaintiff and Appellant.

Paul M. Wellenkamp for Defendant and Respondent.

## OPINION

**STRANKMAN, P. J.**—This case concerns the application of Health and Safety Code section 11488.4, subdivision (a), which provides in pertinent part that a complaint for forfeiture of the alleged proceeds of drug trafficking must be filed "within one year of the seizure of the property which is subject to forfeiture . . . ."[1] The trial court concluded that a forfeiture complaint was barred by this statute of limitations and sustained a claimant's demurrer without leave to amend. The People appeal. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Claimant and real party in interest Spirit Acacia Connell, also known as Acacia Scully, was stopped by San Rafael police for a traffic violation in

---

[1]All statutory references are to the Health and Safety Code unless otherwise indicated. The same language appears in a revised version of section 11488.4, which will become operative January 1, 1994. (See Stats. 1988, ch. 1492, § 16, p. 5298.)

April 1989. Her car was searched. Among the items seized were cocaine, crack cocaine pipes and other drug paraphernalia, and ten $500 VISA traveler's checks. The checks were unsigned, but the name Aaron Mikhal Sanfield was printed on the book as the purchaser. Connell was arrested for various Vehicle Code offenses and controlled substance offenses. The checks were seized as potentially stolen property. However, the police were unable to locate Sanfield, and the checks were never reported stolen. Subsequent investigation led the police to believe the checks were the proceeds of drug sales or were intended to facilitate drug trafficking.

On April 23, 1991, approximately two years after the checks were seized, the district attorney initiated nonjudicial forfeiture proceedings pursuant to section 11488.4, subdivision (j). Connell filed a claim opposing forfeiture and claimed ownership of the checks, which by this time had been converted to cash pending the outcome of the proceedings, pursuant to court order. (See § 11492.) On July 11, 1991, the district attorney filed a complaint for forfeiture pursuant to section 11470 et seq., as well as a notice of seizure and notice of intended forfeiture.

Connell demurred based on the statute of limitations, and the court sustained the demurrer without leave to amend. There is no judgment of dismissal in the record. Although an order sustaining a demurrer without leave to amend is nonappealable (see Code Civ. Proc., § 904.1), we will salvage the People's appeal by amending the order to incorporate an appealable judgment of dismissal. (See *Hinman* v. *Department of Personnel Admin.* (1985) 167 Cal.App.3d 516, 520 [213 Cal.Rptr. 410].)

### DISCUSSION

The procedure for the forfeiture of property connected with unlawful drug transactions appears in sections 11470 through 11489. Moneys, negotiable instruments, securities, or other things of value which are the proceeds of a drug transaction or are used to facilitate the violation of controlled substance laws are subject to forfeiture. (§ 11470, subd. (f).)

Section 11488.4 prescribes the procedures for the commencement of judicial and nonjudicial forfeiture proceedings. If a claim to the property is submitted in response to notice of nonjudicial forfeiture, that proceeding is terminated and the district attorney must initiate a judicial forfeiture proceeding by filing a complaint for forfeiture. (§ 11488.4, subd. (j); *People* v. *Property Listed in Exhibit One* (1991) 227 Cal.App.3d 1, 6-7 [277 Cal.Rptr. 672].)

■ The burden is on the government in the judicial forfeiture proceeding to prove that the property is subject to forfeiture as described under section

11470. (§ 11488.4, subd. (i).) The government need not show that the initial seizure was based on circumstances which would justify a forfeiture. Instead, the justifying probable cause or nexus connecting the property with drug transactions may be based on evidence developed after the seizure. (*People* v. *Superior Court* (*Moraza*) (1989) 210 Cal.App.3d 592, 600-602 [258 Cal.Rptr. 499].)

◼ Nevertheless, the district attorney does not have unlimited time after a seizure of property to file a complaint for forfeiture. A statute of limitations is imposed by section 11488.4, subdivision (a), which states in pertinent part, "A complaint for forfeiture under this subdivision shall be filed within one year of the seizure of the property which is subject to forfeiture . . . ." (*People* v. *Property Listed in Exhibit One, supra,* 227 Cal.App.3d at p. 7; see *People* v. *Superior Court* (*Drummer*) (1988) 200 Cal.App.3d 105, 106 [245 Cal.Rptr. 825].)[2]

The traveler's checks in this case were seized originally because police suspected they were stolen, not because anyone believed they were related to drug dealing and thus subject to forfeiture. According to the People, such a seizure should not trigger the statute of limitations. Instead, the time should begin to run only when probable cause develops supporting forfeiture. The trial court accurately characterized this construction of the statute as untenable.

◼ The goal of statutory interpretation is determining legislative intent. To accomplish that goal, courts must look first to the language of the statute and give effect to its plain meaning. If the words are clear, courts may not add to or change them to accomplish a purpose not apparent on the face of the statute or from its legislative history. (*Burden* v. *Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672].) ◼ Moreover, notwithstanding the strong governmental interest in stemming illegal drug transactions, forfeiture statutes are disfavored and must be construed strictly in favor of the owner of the property. (*People* v. *One 1937 Lincoln etc. Sedan* (1945) 26 Cal.2d 736, 738 [160 P.2d 769]; *Baca* v. *Minier* (1991) 229 Cal.App.3d 1253, 1265 [280 Cal.Rptr. 810].)

◼ Although often statutory language is confusing and its meaning elusive, the words at issue here are clear and unambiguous. They demonstrate the Legislature's obvious intent to establish a specific and readily

---

[2]Before the Legislature added this provision, the controlling statute of limitations for drug-related forfeitures was the one year specified in Code of Civil Procedure section 340, subdivision (2) (action upon a statute for a forfeiture). (*People* v. *Property Listed in Exhibit One, supra,* 227 Cal.App.3d at p. 7; see *People* v. *Superior Court* (*Drummer*), *supra,* 200 Cal.App.3d at p. 106.)

ascertainable event as commencing the limitations period, i.e., "the seizure of the property which is subject to forfeiture." Nothing in that language can be read as creating the imprecise and problematic standard which the People would substitute for certitude. They argue that not until the police or other authorities have developed the requisite probable cause or nexus is property subject to forfeiture. The argument is unconvincing, as it is the prohibited use of property which makes it "subject to forfeiture" under section 11470, whether or not the police are aware of that use at the moment of its seizure.

■ The People correctly note that section 11470, subdivision (f), allows a five-year period in which proceeds may be traced to an illegal exchange, but that provision is not inconsistent with the one-year statute of limitations of section 11488.4.[3] Read together, the two statutes establish that a forfeiture complaint must be filed within one year after the seizure, and that thereafter, the People must demonstrate that the conduct providing the basis for the forfeiture occurred within five years of the seizure, the filing of a complaint, or the issuance of an order of forfeiture, whichever came first.

The People's reliance on federal cases is misplaced. The federal statute of limitations for forfeiture proceedings incorporates a discovery rule (see *U.S. v. James Daniel Good Property* (9th Cir. 1992) 971 F.2d 1376, 1379-1381), but no similar rule appears in this state's forfeiture scheme. The enactment of such a provision, even if advisable, is a legislative, not a judicial function. (See *Dept. of Social Welfare* v. *Stauffer* (1943) 56 Cal.App.2d 699, 704 [133 P.2d 692] [rejecting argument that court write a discovery rule into Code of Civil Procedure section 340].)

The judgment of dismissal is affirmed.

Newsom, J., and Stein, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 22, 1993.

---

[3]Section 11470 specifies what is subject to forfeiture. Subdivision (f) provides in relevant part: "All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, or securities, which were used or intended to be used to facilitate any violation of [several specified offenses], insofar as the offense involves manufacture, sale, possession for sale, offer for sale, or offer to manufacture, or conspiracy to commit at least one of those offenses, *if the exchange, violation, or other conduct which is the basis for the forfeiture occurred within five years of the seizure of the property, or the filing of a complaint under this chapter, or the issuance of an order of forfeiture of the property, whichever comes first.*" (Italics added.)