[No. B104532. Second Dist., Div. Seven. Sept. 10, 1997.]

INTERNATIONAL MEDICATION SYSTEMS, INC., Plaintiff and
Appellant, v.
ASSESSMENT APPEALS BOARD OF LOS ANGELES COUNTY,
Defendant and Respondent.

762

**COUNSEL**

Robert A. Pool for Plaintiff and Appellant.

De Witt W. Clinton, County Counsel, and Halvor S. Melom, Principal Deputy County Counsel, for Defendant and Respondent.

**OPINION**

**JOHNSON, J.**—Appellant International Medication Systems, Inc., appeals from the judgment of the superior court denying its petition for writ of mandamus, by which it sought to compel respondent Los Angeles County Assessment Appeals Board (Board) to set aside its denial of appellant's application for reduction in a tax assessment. The Board was required by state law to provide an evidentiary hearing on not less than 45 days' notice, but provided less than 45 days. (Rev. & Tax. Code, § 1605.6.) On the date set for hearing, appellant objected to the shortened notice, so the Board continued the hearing for 14 days. The Board contends the two notice periods, added together, make more than forty-five days, and hence there was substantial compliance with the statute. Appellant contends Revenue and Taxation Code section 1605.6 is mandatory, and the Board had no jurisdiction to continue the hearing or to hear the matter. We agree and reverse the judgment.

## FACTS AND PROCEEDINGS BELOW

The facts are not in dispute. Revenue and Taxation Code section 1604 requires the Board to set a hearing within two years of a taxpayer's application for a reduction in assessment. If the Board fails to do so, it must accept the applicant's opinion of market value. In mid-1994, the Board found itself with 134 applications which were nearly 2 years old. Due to some scheduling error, notice of hearing was sent to the 134 applicants on less than the 45 days' notice required by Revenue and Taxation Code section 1605.6. By the time the Board discovered its error, there was insufficient time to renotice the hearings on 45 days' notice before the 2-year statute ran, so it notified the applicants and asked them to waive the defective notice or the statute of limitations. All but 23 of the applicants waived one or the other.

Appellant's application was one of the 134 erroneously noticed applications. It was set for hearing on August 8, 1994. Appellant's attorney appeared, declined to present evidence, and objected to the Board's jurisdiction. In response to the objection, the Board set the hearing over to August 22, 1994, to provide an additional notice period which would total more than 45 days when added to the notice it gave for the August 8 hearing. On August 22, 1994, counsel again appeared and objected to the Board's jurisdiction. The Board found the original notice and the notice of continued hearing provided sufficient notice, and denied appellant's application.

On December 19, 1995, appellant filed its petition for writ of administrative mandamus in superior court, seeking an order compelling the Board to set aside its decision of August 22, 1994, and to enter appellant's opinion as to the value of the assessed property on the assessment roll. The superior court denied the petition, finding the requirement of a 45-day notice is directory, not mandatory, and the Board had substantially complied. The court concluded Revenue and Taxation Code section 1605.6 is not jurisdictional "in any applicable sense . . . ." and entered judgment on May 22, 1996. Appellant then filed a timely notice of appeal.

## DISCUSSION

Since the only issue on appeal is the interpretation of Revenue and Taxation Code section 1605.6, the matter is a question of law which we review independently. (*Shell Western E & P, Inc.* v. *County of Lake* (1990) 224 Cal.App.3d 974, 980 [274 Cal.Rptr. 313].)

"The rules governing statutory construction are well settled. We begin with the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.] 'In

determining intent, we look first to the language of the statute, giving effect to its "plain meaning" ' [Citations.] Although we may properly rely on extrinsic aids, we should first turn to the words of the statute to determine the intent of the Legislature. [Citation.] Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history." (*Burden* v. *Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672].)

■ The language of Revenue and Taxation Code section 1605.6 is mandatory: "After the filing of an application for reduction of an assessment, the clerk of the county board of equalization *shall* set the matter for hearing and notify the applicant, or his or her designated representative, of the time and date of the hearing[;] Notice of the time, date and place of the hearing *shall* be given not less than 45 days prior to the hearing, unless the assessor and the applicant, or the applicant's designated representative, stipulate orally or in writing to a shorter notice period . . . ." (Italics added.) ■ Respondent points out the word "shall" does not always mean the statute is mandatory in the sense a failure to comply would cause jurisdiction to be lost. (See *Woods* v. *Department of Motor Vehicles* (1989) 211 Cal.App.3d 1263, 1266 [259 Cal.Rptr. 885].) In those cases where jurisdiction is not lost, the statute, although mandatory in its terms, is said to have only "directory" effect. (*People* v. *McGee* (1977) 19 Cal.3d 948, 959 [140 Cal.Rptr. 657, 568 P.2d 382].) While failure to comply with a mandatory provision renders the action void, failure to comply with a directory provision does not. (*Bayside Auto & Truck Sales, Inc.* v. *Department of Transportation* (1993) 21 Cal.App.4th 561, 565 [26 Cal.Rptr.2d 109].) ■ Where the plain meaning of the words of the statute is not dispositive, as respondent argues here, the statute's legislative history and the wider historical circumstances of its enactment may be considered in ascertaining legislative intent. (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387 [241 Cal.Rptr. 67, 743 P.2d 1323].)

Respondent compares Revenue and Taxation Code section 1605.6 with statutes which set times within which public officials must do an act, relying upon cases that have held such statutes to be directory in the absence of a penalty or consequence for failure to act within statutory time limits. (See, e.g., *Pulcifer* v. *County of Alameda* (1946) 29 Cal.2d 258, 262 [175 P.2d 1] [time for fixing compensation of elective officers]; *Cox* v. *California Highway Patrol* (1997) 51 Cal.App.4th 1580, 1587 [60 Cal.Rptr.2d 159] [time to set hearing after seizure of vehicle]; *People* v. *Property Listed in Exhibit One* (1991) 227 Cal.App.3d 1, 8 [277 Cal.Rptr. 672] [time to file a petition for forfeiture]; *Woods* v. *Department of Motor Vehicles, supra*, 211 Cal.App.3d

at pp. 1266-1267 [time to notify of intent to suspend driver's license].) Respondent contends that since section 1605.6 does not express a penalty or consequence for improper notice, its provisions are not mandatory.

A well-accepted principle of statutory interpretation permits reference to similar statutes to aid in the construction of the statute in question. (*Williams* v. *Superior Cour*t (1993) 5 Cal.4th 337, 352 [19 Cal.Rptr.2d 882, 852 P.2d 377].) However, the authorities cited by respondent do not provide a helpful analogy, since Revenue and Taxation Code section 1605.6 does not set a time limit for doing some act, but prescribes a number of days of required notice. In general, time limit statutes are not mandatory, unless a contrary intention is expressed in the statute. (*People* v. *Property Listed in Exhibit One, supra,* 227 Cal.App.3d at p. 8.) Also, none of respondent's authorities involve a tax proceeding. If comparison is to be made to a time limit statute, a better comparison is provided by *Shell Western E & P, Inc.* v. *County of Lake, supra,* 224 Cal.App.3d at pages 984-985, in which Revenue and Taxation Code section 1604, subdivision (c), a time limit provision in the same statutory scheme as section 1605.6, was held to be mandatory. The court in *Shell Western* relied upon the principle applicable to all tax proceedings that " '[a]s any tax proceeding is *in invitum* in nature, . . . each step must be taken in compliance with law or the proceeding is void.' " (224 Cal.App.3d at p. 984, citing *Universal Cons. Oil Co.* v. *Byram* (1944) 25 Cal.2d 353, 361 [153 P.2d 746].) And, " 'provisions enacted for the benefit of the taxpayer are mandatory, while provisions enacted to secure the orderly conduct of business are merely directory.' " (224 Cal.App.3d at p. 984, citing *Ryan* v. *Byram* (1935) 4 Cal.2d 596, 603 [51 P.2d 872].)

Respondent suggests Revenue and Taxation Code section 1605.6 was enacted "to secure the orderly conduct of business," and argues that while the section may "describe a residual benefit to the taxpayer-applicant, . . . this was [not] the primary or motivating factor behind its enactment." We cannot agree. Respondent is a board of equalization, created by the board of supervisors to equalize property values by adjusting individual assessments. (Cal. Const., art. XIII, § 16.) It is a constitutional agency exercising quasi-judicial powers. (*Shell Western E & P, Inc.* v. *County of Lake, supra,* 224 Cal.App.3d at p. 979.) It is more likely that its business might be conducted more efficiently if it were *not* required to concern itself with hearings, time limits, and notice, but the due process clause of the 14th Amendment of the federal Constitution requires that such boards afford the taxpayer notice and an opportunity to be heard. (See *Universal Cons. Oil Co.* v. *Byram, supra,* 25 Cal.2d at pp. 360-361; *Bandini Estate Co.* v. *Los Angeles*

(1938) 28 Cal.App.2d 224, 229 [82 P.2d 185].) Since section 1605.6 enacts a constitutional requirement to afford due process, it provides more than a "residual" benefit.

"Compliance with the constitutional requirement for an equalization hearing is not met unless the substance [and] the form of the hearing is granted to the complaining taxpayer." (*Universal Cons. Oil Co.* v. *Byram, supra,* 25 Cal.2d at p. 361.) "Form" includes proper notice. Proper notice has been held to be jurisdictional in similar tax proceedings: It is a jurisdictional prerequisite to a hearing on a proposed assessment by a board of equalization (*Huntley* v. *Board of Trustees* (1913) 165 Cal. 298, 301 [131 P. 859]); to a hearing on an intended sale for delinquent taxes (*Miller* v. *McKenna* (1944) 23 Cal.2d 774, 781 [147 P.2d 531]); and to a hearing on a proposed increased street assessment (*Williams* v. *Bergin* (1895) 108 Cal. 166, 170 [41 P. 287] ["This notice is in the nature of process by which the board of supervisors may acquire jurisdiction to act upon the appeal and change the assessment."]).

So, too, the notice prescribed by Revenue and Taxation Code section 1605.6 is in the nature of process by which the Board acquires jurisdiction to hear an assessment reduction application. Because it failed to comply with the requirements of the statute, the Board did not acquire jurisdiction over appellant's application. The Board had no power to continue the hearing without appellant's consent, and had no power to hear evidence or make a determination of value. Its actions on August 8, 1994, and August 22, 1994, were void.

### DISPOSITION

The judgment is reversed and the cause remanded to the superior court with instructions to issue the peremptory writ of mandate and for proceedings consistent with this opinion. Appellant to recover its costs on appeal.

Lillie, P. J., and Woods, J., concurred.