[No. B153030. Second Dist., Div. Eight. Jan. 21, 2003.]

FLIGHTSAFETY INTERNATIONAL INCORPORATED, Plaintiff and Respondent, v.
LOS ANGELES COUNTY ASSESSMENT APPEALS BOARD et al., Defendants and Appellants;
LOS ANGELES COUNTY OF BOARD OF SUPERVISORS, Real Party in Interest and Appellant.

**COUNSEL**

Lloyd W. Pellman, County Counsel, and Nancy M. Takade, Deputy County Counsel, for Defendants and Appellants and Real Party in Interest and Appellant.

Gangloff, Gangloff & Pool, Robert A. Pool and David L. Gangloff, Jr., for Plaintiff and Respondent.

**OPINION**

**BOLAND, J.—**

SUMMARY

Under Revenue and Taxation Code section 1604, a county assessment appeals board must hear and decide a taxpayer's application for reduction of an assessment within two years of the application. If the appeals board fails to act within two years, the taxpayer's opinion of value becomes the assessed value, both for the year listed in the application and for subsequent years until the board makes a final determination on the application. In this case, under the mandate of section 1604, the appeals board entered the taxpayer's opinion of value—which was zero—on the assessment roll for 1992, but did not do so for the years 1993 through 1998, the year in which the board made its final determination on the taxpayer's 1992 application. The taxpayer sought, and obtained, a peremptory writ of mandate requiring the appeals board to enroll the taxpayer's opinion of value for tax years 1993 through 1998. The appeals board appealed, claiming the taxpayer failed to exhaust its administrative remedies and was not otherwise entitled to a writ. Finding no error, we affirm the trial court's judgment granting the writ.

## FACTUAL AND PROCEDURAL BACKGROUND

The Los Angeles County Assessment Appeals Boards (Appeals Board)[1] and the Los Angeles County Board of Supervisors (County) appeal from a judgment granting FlightSafety International, Incorporated's petition for a peremptory writ of mandate. The writ requires the Appeals Board to order FlightSafety's opinion of value for certain property, as shown on its assessment reduction application for tax year 1992, to be entered on the assessment roll for tax years 1993 through 1998, in accordance with Revenue and Taxation Code section 1604, subdivision (d). The County contends Flight-Safety was not entitled to the writ. To understand the County's contentions, it is necessary to describe the applicable statutory scheme, and to relate the history of FlightSafety's applications to the Appeals Board, including a previous decision by the Court of Appeal relevant to FlightSafety's 1992 application.

### 1. *Statutory requirements.*

The Revenue and Taxation Code allows a taxpayer to petition a county assessment appeals board for a reduction in an assessment of the taxpayer's property. The matter must be set for a hearing, and notice of the hearing must be given to the taxpayer not less than 45 days before the hearing, unless the assessor and the taxpayer stipulate to a shorter notice period. (Rev. & Tax. Code, § 1605.6.)[2] The Appeals Board is required to make a final determination on the application within two years of a timely filing of the application. If the Appeals Board fails to act within two years, the taxpayer's opinion of market value "shall be the value upon which taxes are to be levied for the tax year covered by the application . . . ." (§ 1604, subd. (c).)[3] Moreover, if the taxpayer's opinion of market value is placed on the assessment roll as described, that value "shall remain on the roll until the

---

[1]The Los Angeles County Assessment Appeals Boards consist of 10 individual assessment appeals boards (Los Angeles County Code, tit. 2, ch. 2.44, §§ 2.44.020, 2.44.030 & 2.44.035); in this case, the Appeals Board is referred to in the singular.

[2]All further statutory references are to the Revenue and Taxation Code.

[3]Section 1604, subdivision (c) states in part: "If the county assessment appeals board fails to hear evidence and fails to make a final determination on the application for reduction in assessment of property within two years of the timely filing of the application, the taxpayer's opinion of market value as reflected on the application for reduction in assessment shall be the value upon which taxes are to be levied for the tax year covered by the application, unless . . . the following occurs: [¶] (1) The taxpayer and the county assessment appeals board mutually agree in writing, or on the record, to an extension of time for the hearing."

county board makes a final determination on the application." (*Id.*, subd. (d).)[4]

2. *The Appeals Board and Court of Appeal decisions relevant to FlightSafety's 1992 application.*

FlightSafety is in the business of leasing flight simulators, which it maintains at two Long Beach locations, to licensed pilots. On September 15, 1992, FlightSafety filed an application for an assessment reduction with the Appeals Board for the 1992 fiscal year. The application stated that the property in question—the flight simulators—was personal property, not fixtures, and took the position the simulators were business inventory not subject to taxation. FlightSafety's opinion of market value stated on the application was zero.[5]

In mid-1994, as the two-year time limit for decision approached, the Appeals Board scheduled FlightSafety's application, along with 133 other applications, for hearing. However, notice of hearing was sent to the applicants on less than the 45-day notice required by the statute. While most of the 134 applicants agreed to waive the 45-day notice requirement, or to waive the two-year time limit for decision, 23 of them, including Flight-Safety, did not. On the date set for hearing, FlightSafety's counsel appeared, declined to present evidence, and objected to the Appeals Board's jurisdiction. The Appeals Board continued the hearing for 14 days; counsel appeared and again objected to jurisdiction. The Appeals Board found the original notice, together with the notice of continued hearing, provided the required 45-day notice, and denied the 23 applications on August 22, 1994.

One of the 23 taxpayers, International Medication Systems, Inc., petitioned for a writ of mandate. The County and the 23 taxpayers agreed that the final decision in that case as to whether notice was sufficient would be binding on the County and on each of the 23 taxpayers in any subsequent litigation.

On September 10, 1997, the Court of Appeal determined the 45-day notice requirement was mandatory, the Appeals Board had no jurisdiction over the

---

[4]Section 1604, subdivision (d) provides in full: "If, pursuant to subdivision (c), the applicant's opinion of value has been placed on the assessment roll, that value shall remain on the roll until the county board makes a final determination on the application. The value so determined by the county board, plus appropriate adjustments for the inflation factor, shall be entered on the assessment roll for the fiscal year in which the value is determined. No increased or escape taxes other than those required by a purchase, change in ownership, or new construction, or resulting from application of the inflation factor to the applicant's opinion of value shall be levied for the tax years during which the county board failed to act."

[5]Application documents for subsequent years (1995 and 1996) show the assessor's opinion of value as in excess of $12 million.

applications, and its actions in continuing the hearing and later denying the applications were void. (*International Medication Systems, Inc. v. Assessment Appeals Bd.* (1997) 57 Cal.App.4th 761, 763, 767 [67 Cal.Rptr.2d 394].) Accordingly, on February 3, 1998, after the remittitur was issued, the Appeals Board held a hearing at which, consonant with section 1604, subdivision (c), it ordered enrollment of FlightSafety's opinion of value for the year 1992.[6] In April, May and August 1998, FlightSafety received a series of five property tax refund warrants from the County for the 1992 taxes and statutory interest.

### 3. *FlightSafety's 1993-1996 applications to the Appeals Board.*

Meanwhile, during the pendency of its 1992 application, FlightSafety filed assessment reduction applications for the 1993, 1994, 1995 and 1996 assessment years, all of which were denied.[7] The hearing on the 1996 application was held on August 20, 1998, six months after the Appeal Board's February 1998 decision enrolling FlightSafety's opinion of value for 1992, and shortly after FlightSafety received its last refund check for the 1992 taxes. At that hearing, FlightSafety appeared specially to object to the Appeals Board's jurisdiction. FlightSafety filed a brief stating that the Appeals Board breached its ministerial duty to FlightSafety under section 1604, subdivision (d), because it enrolled FlightSafety's opinion of value only for the 1992 tax year, rather than for the entire period during which the Appeals Board failed to act, including tax year 1996. The Appeals Board denied the application.

### 4. *This lawsuit.*

On February 2, 2001, FlightSafety filed a petition for a peremptory writ of mandate. It sought to compel the Appeals Board to modify its order of February 3, 1998, and to order FlightSafety's opinion of value in its 1992 assessment reduction application to be enrolled on the tax rolls for 1993 through 1998. FlightSafety's petition also requested interest "as damages

---

[6]The hearing, at which counsel for FlightSafety appeared, was brief. It consisted of a request by the chairperson for a motion to enter FlightSafety's opinion of value of zero for the year 1992, under section 1604, subdivision (c), a motion to that effect by one of the members, and the chairperson's statement that it was "so ordered."

[7]In some years, there were separate applications relating to each of two different locations; for sake of simplicity each year's application or applications is referred to in the singular. The 1993 application was denied in March 1995. The Appeals Board concluded it was not reasonable to consider the property as business inventory. The 1994 application was denied without prejudice for lack of jurisdiction on June 7, 1996. The 1995 application was denied on April 25, 1997.

against a public entity," and costs including reasonable attorney fees. The petition alleged FlightSafety exhausted all required administrative remedies by lodging, at the August 20, 1998 hearing, notice that the Appeals Board breached the requirements of section 1604, subdivision (d).

The trial court concluded the Appeals Board was under a ministerial duty to enter FlightSafety's 1992 opinion of value for taxes assessed against the property in 1993 through 1998; the duty arose in February 1998; and the duty was self-executing, requiring no further action by FlightSafety to ensure the Appeals Board's compliance. The court granted FlightSafety's petition and issued a writ requiring the Appeals Board to order FlightSafety's opinion of value in its 1992 application to be entered on the assessment roll for tax years 1993 through 1998.[8] Judgment was entered granting FlightSafety's petition and denying its request for damages and attorney fees. The County filed this timely appeal.

## DISCUSSION

▉▉ The duty imposed on the Appeals Board by section 1604, subdivision (d), is clear. When a taxpayer's opinion of value is placed on the assessment roll under subdivision (c) —that is, when the Appeals Board fails to make a final determination on an application within two years—that value "shall remain on the roll until the county board makes a final determination on the application." FlightSafety's opinion of value was placed on the assessment roll for 1992 by the Appeals Board on February 3, 1998. Therefore, it must remain on the assessment roll from 1992 through 1998. Further, "[n]o increased or escape taxes other than those required by a purchase, change in ownership, or new construction, or resulting from application of the inflation factor to the applicant's opinion of value shall be levied for the tax years during which the county board failed to act"—in this case, from 1992 to 1998. (§ 1604, subd. (d).) It is impossible to avoid the conclusion that FlightSafety's opinion of value is to "remain on the roll" through the 1998 tax year.

---

[8]The writ orders the Appeals Board to modify its final determination and order of February 3, 1998, by (1) ordering FlightSafety's opinion of value in its 1992 application to be entered on the assessment roll for tax years 1993 through 1998, and (2) ordering the assessor to cancel any escape assessment of the property that may have been enrolled for any of those years. The writ also requires the Appeals Board to set aside its final determinations and orders on FlightSafety's 1993, 1994, 1995 and 1996 applications, reconsider its actions on those applications and take any further action specifically enjoined on the Appeals Board by law.

The Appeals Board does not contend the statute means something other than what it says, nor could it.[9] Instead, the Appeals Board resists its statutory duty by arguing that FlightSafety did not prove a right to relief under section 1604, subdivision (d), and did not prove it exhausted its administrative remedies or was excused from doing so. We find no merit in any of the Appeals Board's arguments.

First, the Appeals Board contends FlightSafety did not prove it was entitled to enrollment of its 1992 opinion of value for the 1993 to 1998 assessment years. The Appeals Board says FlightSafety did not submit evidence that its property was assessed for those years, or that the taxes levied in those years were not those expressly permitted by subdivision (d), which allows the levy of taxes "required by a purchase, change in owner-ship, or new construction, or resulting from application of the inflation factor to the [taxpayer's] opinion of value . . . ." This argument is specious, because the County possessed all that information. Indeed, its opposition to FlightSafety's writ petition included documentary evidence of all of Flight-Safety's assessments, assessment appeals and tax bills for 1993 through 1996.[10]

Second, the Appeals Board argues that FlightSafety did not prove it exhausted administrative remedies or was not required to do so. While these arguments lack clarity,[11] the essence of the claim appears to be that Flight-Safety should have alerted the Appeals Board to the "possible applicability"

---

[9]See *United Enterprises, Ltd. v. Assessment Appeals Bd.* (1994) 22 Cal.App.4th 152, 160 [27 Cal.Rptr.2d 279] (the language of § 1604, subd. (d) "evinces an intent that where an applicant has applied to reduce his taxes for a prior year and the [Appeals Board] fails to act within two years, the taxpayer prevails and his taxes must be reduced both for the year listed in the application and for the years his application sat idle"); *Shell Western E & P, Inc. v. County of Lake* (1990) 224 Cal.App.3d 974, 977, 984-985 [274 Cal.Rptr. 313] (§ 1604, subd. (c), requiring acceptance of the taxpayer's opinion of value if the assessment appeals board fails to act within two years, establishes a mandatory, not a directory, duty upon the Appeals Board).

[10]In its reply brief, the County backs off this position, but continues to claim that no evidence was submitted for the years 1997 and 1998, and that the trial court "should have required FlightSafety . . . to prove its right to compel the [Appeals Board] to enter the 1992 opinion of value for each and every year for which relief was requested." This is not required. The statute requires the Appeals Board to enter FlightSafety's opinion of value. If the County has any basis for claiming that "a purchase, change in ownership, or new construction" occurred requiring reassessment, it is at liberty to take such action as the statute permits on remand from the trial court; the court's writ explicitly states that "nothing in this writ shall limit or control the discretion legally vested in [the Appeals Board] . . . ."

[11]For example:

The Appeals Board admits there is no stated procedure for enforcement of the right to enrollment of the taxpayer's opinion of value in the years the Appeals Board failed to act, but argues the taxpayer must comply with "established procedures." These "established proce-

of section 1604, subdivision (d) at the hearing on February 3, 1998, when the Appeals Board enrolled FlightSafety's opinion of value for 1992. Had FlightSafety done so, the Appeals Board "would have had opportunity to consider the merits of the argument, and conduct a review to determine whether the conditions of the statute were satisfied, thus providing a full record for possible judicial review."

This claim, too, is specious. In the first place, as the trial court pointed out, FlightSafety is not challenging the Appeals Board's 1998 final determination on its 1992 application; it seeks to compel the Appeals Board to fulfill a ministerial duty that did not arise until the Board made that final determination. Moreover, nothing in the statute requires the taxpayer to remind the Appeals Board of the "possible applicability" of statutory provisions enjoining specific actions upon the Appeals Board. Indeed, when FlightSafety explicitly drew the Appeals Board's attention to its failure to act in accordance with the statute—six months later, at the August 20, 1998 hearing on FlightSafety's 1996 application—the Appeals Board gave the point no heed and simply denied the application. In short, there were no administrative remedies to be exhausted. ▮▮ The trial court correctly concluded the Appeals Board's duty was self-executing and required no further action by FlightSafety.[12]

▮▮ Finally, the County argues FlightSafety must comply with statutory refund procedures in order to obtain a refund of taxes paid, and the

dures," which FlightSafety failed to follow, according to the Appeals Board, are the "procedures for seeking and obtaining a reduction in assessment set forth in section 1601 et seq. of the Revenue and Taxation Code." The procedures cited are the very procedures FlightSafety followed in all its reduction applications, and they are procedures of which section 1604 is an integral part. Nothing in them requires any further application by the taxpayer or hearing before the Board.

The Appeals Board contends FlightSafety should have raised the issue of the applicability of section 1604, subdivision (d), during the hearings on its 1993, 1994 and 1995 applications held in February and March 1995, June 1996 and April 1997. Those hearings occurred well before the Appeals Board's February 1998 decision enrolling FlightSafety's opinion of value for 1992, and well before FlightSafety had any reason to raise the issue.

[12]The Appeals Board also argues it had no power to order enrollment of FlightSafety's opinion of value for the 1993, 1994 and 1995 years because it had earlier made final decisions on those claims (in 1995, 1996 and 1997), and "lacked jurisdiction to vacate any of the decisions made prior to August 1998." For this proposition the Appeals Board cites a regulation stating the Appeals Board "shall not reconsider or rehear an application or modify a decision" except under certain circumstances not relevant here. (Cal. Code Regs., tit. 18, § 326.) Again, the Appeals Board is incorrect. A procedural regulation cannot supercede a statute expressly providing that the taxpayer's opinion of value "shall remain on the roll until the county board makes a final determination" and "shall be entered on the assessment roll for the fiscal year in which the value is determined." (§ 1604, subd. (d).)

trial court allowed FlightSafety to bypass compliance with statutory refund procedures.[13] ▇ The trial court, however, did no such thing. The judgment denied FlightSafety's damages claim seeking interest. In its statement of decision on the point, the court expressly stated that any refund due and interest thereon "may be taken up with the County of Los Angeles and/or pursued in an action for refund." As the court pointed out, the only issue before it was the Appeals Board's duty under section 1604, subdivision (d) to enter FlightSafety's opinion of value on the assessment rolls for the tax years at issue. The trial court correctly issued a writ requiring the Appeals Board to perform that duty.

DISPOSITION

The judgment is affirmed. FlightSafety International is to recover its costs on appeal.

Cooper, P. J., and Rubin, J., concurred.

---

[13]The County also argues that the board of supervisors is not a proper party to these writ proceedings. We agree with the trial court's conclusion that the board of supervisors, which is responsible for the conduct of the assessment appeals boards, "has a clear interest in the outcome of this matter, just as it did in the *International Medication* [*Systems, Inc. v. Assessment Appeals Bd., supra,* 57 Cal.App.4th 761] case where it was also a Real Party in Interest."