Filed 10/10/23 Certified for Publication 10/20/23 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| FLIGHTSAFETY INTERNATIONAL, INC., | B313972 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCP04277) |
| v. | |
| LOS ANGELES COUNTY ASSESSMENT APPEALS BOARD et al., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, James C. Chalfant, Judge.  Affirmed.

Law Offices of Robert A. Pool and Robert A. Pool for Plaintiff and Appellant.

Renne Public Law Group, Michael K. Slattery and Thomas G.  Kelch for Defendants and Respondents.

Petitioner FlightSafety International, Inc. appeals from the judgment entered after the trial court denied its two consolidated petitions for writs of mandate (Code Civ. Proc, § 1085). The trial court found that FlightSafety was not entitled to mandamus relief because it had an adequate remedy at law, which it had bypassed. FlightSafety contended in the trial court that it was entitled to a decision by the Los Angeles County Assessment Appeals Board (AAB) on its assessment appeal applications within the two-year period specified in Revenue and Taxation Code section 1604, subdivision (c).[1] Although FlightSafety had signed a form agreement giving the AAB an unlimited extension of time to schedule hearings on the applications (subject to FlightSafety requesting a hearing at any time during the extension period), FlightSafety argued the extensions had expired as a matter of law two years from the date of filing. It argued it therefore had not received timely hearings on its applications. FlightSafety asked the trial court to order the AAB to schedule hearings forthwith and, in the meantime, enter its own opinion of the value of its property on the tax assessment rolls.

The trial court found writ relief was not available. It alternatively found that FlightSafety's underlying argument, to wit, that the extensions of time had expired as a matter of law, lacked merit. The trial court found no violation of section 1604, subdivision (c).

Appellant contends the trial court erroneously found the extension agreements valid and mandamus relief unavailable.

---

[1]     Further undesignated statutory references are to the Revenue and Taxation Code.

We find the trial court correctly determined that writ relief was unavailable. We need not and do not consider the trial court's alternate ruling on the extension agreements. We affirm the judgment.

## BACKGROUND

"[T]he Legislature has statutorily established a three-step process for handling challenges to property tax assessments and refund requests. The first step is the filing of an application for assessment reduction under section 1603, subdivision (a) . . . . The second step, which occurs after payment of the tax, is the filing of an administrative refund claim under section 5097, subdivision (a) . . . . The third and final step in the process is the filing of an action in superior court pursuant to section 5140, which provides that a person who paid the property tax may bring an action in superior court 'against a county or a city to recover a tax which the board of supervisors of the county or the city council of the city has refused to refund on a claim filed pursuant to Article 1 (commencing with Section 5096) of this chapter.' " (*Steinhart v. County of Los Angeles* (2010) 47 Cal.4th 1298, 1307–1308 (*Steinhart*).)

Appellant filed two separate and timely assessment appeal applications for tax assessment reductions under sections 1603 and 1605. The 2013 application seeks a reduction in assessment due to a change in value from previous years. The 2012 application challenges changes in assessments due to a number of audits.

Section 1604 governs the timeline to hold a hearing on such applications. Absent a valid agreement to extend time, the AAB must "hear evidence and . . . make a final determination on the application for reduction in assessment of property within two

3

years of the timely filing of the application, [or] the applicant's opinion of value as reflected on the application for reduction in assessment shall be the value upon which taxes are to be levied for the tax year or tax years covered by the application." (§ 1604, subd. (c).) Section 1604 requires the AAB to place this value on the roll and leave it there for all years until the year the application is decided. (§ 1604, subd. (d)(1).)

The section permits the applicant and the AAB board to "mutually agree in writing, or on the record, to an extension of time for the hearing." (§ 1604, subd. (c)(1).) Appellant entered into an extension agreement with the AAB for both of its applications. Appellant contends, however, that the agreements expired as a matter of law before appellant's writ petitions were filed. Because the AAB believed the agreements to be valid, the AAB did not place the FlightSafety's opinions of value on the assessment rolls.

The AAB held a hearing on one of FlightSafety's applications in January 2017. The AAB "heard arguments and received evidence proffered by FlightSafety and the Los Angeles County Assessor concerning the issue whether . . . the FlightSafety Audit Extension Agreement had expired on the second anniversary of its origination. Flight Safety requested written findings from the AAB on the same exclusive issue." On May 8, 2017, the AAB issued a written finding "to deny the FlightSafety Audit Application, on grounds that the FlightSafety Audit Extension Agreement did not expire on the second anniversary of its origination."

Rather than obtaining a final determination on the merits of its applications by paying the tax, filing refund claims, and then filing a court action, appellant filed two petitions for writs of

4

mandate in the trial court, primarily seeking an order directing the AAB to place appellant's opinion of value on the assessment rolls. The trial court found mandamus was not available to FlightSafety and "[a[ssuming *arguendo* that the court's ruling on the availability of mandamus is wrong" the court addressed the merits of the arguments on the extension agreement and found the agreements valid. This appeal followed.

## DISCUSSION

The trial court denied appellant's petitions for traditional writs of mandate under Code of Civil Procedure section 1085 on the ground that appellant had failed to exhaust its administrative remedies and it had an adequate remedy at law in the form of an AAB hearing and a tax refund action.

We review the trial court's factual findings for substantial evidence but independently review its findings on legal issues. (*James v. State of California* (2014) 229 Cal.App.4th 130, 136.)

A writ of mandate under Code of Civil Procedure section 1085 can be issued "to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station." (Code Civ. Proc., § 1085, subd. (a).) As relevant here, to obtain writ relief, a petitioner must show a " ' "clear, present and usually ministerial duty on the part of the respondent." ' " (*Agosto v. Board of Trustees of Grossmont-Cuyamaca Community College Dist.* (2010) 189 Cal.App.4th 330, 335–336.) The AAB's duties under section 1604 are mandatory ministerial duties which satisfy the requirement for a writ of mandate. (*Lazan v. County of Riverside* (2006) 140 Cal.App.4th 453, 460 [defining ministerial act].) Thus, "[t]he writ must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law." (Code Civ. Proc., § 1086.)

" 'Although the statute does not expressly forbid the issuance of the writ if another adequate remedy exists, it has long been established as a general rule that the writ will not be issued if another such remedy was available to the petitioner.' " (*Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205.)  The burden is on the petitioner to show that it did not have such a remedy.  (*Ibid*.)

Further, " '[w]hen administrative machinery exists for the resolution of differences, the courts will not act until such administrative procedures are fully utilized and exhausted.  To do so would be in excess of their jurisdiction.  [Citations.]' [Citation.]  Because the rule is jurisdictional, the doctrine is not open to judicial discretion.  [Citation.]  The rule is applicable whether the petitioner is seeking ordinary mandamus [citation] or administrative mandamus." (*Leff v. City of Monterey Park* (1990) 218 Cal.App.3d 674, 680.)[2]

"When seeking relief under traditional mandamus, the exhaustion requirement speaks to whether there exists an adequate legal remedy.  If an administrative remedy is available and has not yet been exhausted, an adequate remedy exists and the petitioner is not entitled to extraordinary relief.  'A remedy will not be deemed inadequate merely because additional time and effort would be consumed by its being pursued through the ordinary course of the law.' " (*Unnamed Physician v. Board of Trustees* (2001) 93 Cal.App.4th 607, 620.)  As pertinent here, a

---

[2]      In addition, the tax refund law expressly requires such exhaustion: "A court action may not 'be commenced or maintained . . . unless a claim for refund has first been filed pursuant to Article 1 (commencing with Section 5096).'  (§ 5142, subd. (a).)" (*Steinhart, supra,* 47 Cal.4th at p. 1308.)

tax refund action generally provides property owners with an adequate remedy at law. (*William Jefferson & Co., Inc. v. Orange County Assessment Appeals Bd. No. 2* (2014) 228 Cal.App.4th 1, 11.)

In its petitions, FlightSafety alleges it exhausted its administrative remedies by timely filing its tax assessment appeal applications and waiting years for respondent to hear and decide those applications. FlightSafety also alleges it has no plain, adequate and speedy remedy in the ordinary course of law "since the Respondent Board failed in its ministerial duty to hear and decide" the 2013 application and "to hear evidence and to make final determinations on" the 2012 application. While these allegations might be read to suggest that the AAB refused to provide hearings at all, the trial court made a factual finding that the AAB was willing to provide hearings, including on the issue of the validity of the extension agreements.[3] FlightSafety does not contest the court's factual finding.

In its briefing in the trial court, FlightSafety shifted focus, contending that the AAB's failure to hold a hearing within the two-year period of section 1604, subdivision (c), gave rise to a self-executing ministerial duty to enter its opinions of value on the assessment roll. Relying on our opinion in *Flightsafety Internat., Inc. v. Assessment Appeals Bd.* (2003) 105 Cal.App.4th 620 (*FS2003*), FlightSafety contended it was "not obliged to take any further remedial administrative steps antecedent to bringing the [p]etitions." Under the heading "**There exists no plain,**

---

[3] As the trial court correctly noted in its ruling, if the AAB had refused to provide a hearing at all, appellants would be entitled to a writ of mandamus to order such a hearing. (*Sunrise Retirement Villa v. Dear* (1997) 58 Cal.App.4th 948, 951–953.)

**speedy, and adequate legal remedy**," FlightSafety simply stated that mandamus was the correct procedure to redress violations of section 1604 by the AAB, and again cited *FS2003*. FlightSafety did not elaborate on either issue in the reply brief.

On appeal, rather than making arguments specific to its situation showing that it has exhausted its administrative remedies or has no adequate remedy to show error in the denial of the petitions, FlightSafety relies on four cases with very different factual scenarios from its own. We address each one in turn and conclude that FlightSafety's reliance on these cases is misplaced. The petitioners in all four of the cited cases did seek an order directing the AAB to enter the taxpayer opinion of value on the assessment roll, but the circumstances surrounding the AAB's inaction were different in each case.

Two of the four cases do not at all consider the issue of exhaustion of remedies for the AAB's failure to perform its duties under section 1604. (*United Enterprises, Ltd. v. Assessment Appeals Bd.* (1994) 22 Cal.App.4th 152*); International Medication Systems, Inc. v. Assessment Appeals Bd.* (1997) 57 Cal.App.4th 761.) They do not assist us in our analysis.

*Bunker v. County of Orange* (2002) 103 Cal.App.4th 542 (*Bunker*) is the only case which raises the issue of whether a writ is permissible to enforce provisions of section 1604. (*Bunker*, at p. 552 ["We are concerned with whether section 1604 may be enforced by a writ, not whether members of the class may now obtain refunds of overpaid taxes."].) The Court in *Bunker* answered that question only by affirming the grant of the writ before it, and so the decision cannot be understood as holding that section 1604 may be enforced by a writ under every factual circumstance. (*Kinsman v. Unocal Corp.* (2005) 37 Cal.4th

659, 680 (*Kinsman*) [" 'An opinion is not authority for propositions not considered.' "].)

*Bunker* does peripherally consider the doctrine of exhaustion of remedies. The named petitioner in *Bunker* was seeking an order directing the AAB to send out notices under section 1604 to a class of over 1000 applicants. As the Court of Appeal explained, "when the county says that none of the class members have exhausted their administrative remedies, it is a wholly irrelevant point. Given the nature of the relief sought, one would expect class members *not* to have exhausted any administrative remedies (e.g., having already filed claims for tax refunds) because members of the class were unlawfully denied notice of their opportunity to file individual refund claims when the county missed the two-year deadline." (*Bunker, supra*, 103 Cal.App.4th at p. 552.) The facts of *Bunker* are distinctive and bear no similarity to this case. FlightSafety does not claim it was unaware of the provisions of section 1604 or was prejudiced by any lack of notice.

In the fourth case, *FS2003*, the AAB contended that exhaustion of remedies required the taxpayer to inform the AAB of its claim that the AAB had a duty to enter the taxpayer's opinion of value on the roll for every year the application remained undecided, not merely for the year of application. There, we found no such duty on the part of the taxpayer in section 1604, and so there were no administrative remedies to exhaust. (*FS2003, supra*, 105 Cal.App.4th at pp. 627–628.) FlightSafety relies on this holding to support its contention that it had no duty to file a tax refund claim. We note that our statement in *FS2003* referred only to a specific duty of notice AAB wanted us to impose on the taxpayer there and our holding

9

is limited by its context.  Our holding cannot properly be understood as a considered rejection of the taxpayer's statutory duty to file a tax refund claim before challenging AAB inaction. (*Kinsman, supra,* 37 Cal.4th at p. 680  [" 'It is axiomatic that language in a judicial opinion is to be understood in accordance with the facts and issues before the court.' "].)

Thus, *FS2003* and *Bunker* do not support FlightSafety's position that it did exhaust its administrative remedies or was excused from doing so under the facts of this case.

Because the issue of exhaustion of remedies is intertwined with the issue of whether an adequate remedy exists, we consider whether appellant has shown that the available remedy of filing a tax refund claim and then filing a court action is inadequate. We conclude it has not.

None of the four cases relied upon by appellant consider whether the applicant had an adequate remedy for the AAB's refusal to place the applicant's opinion of value on the assessment rolls.  Thus, none of the cases stand for the proposition that a tax refund action is an inadequate remedy in all cases seeking relief for an AAB's action (or inaction) under section 1604.

" ' "The question whether there is a 'plain, speedy and adequate remedy in the ordinary course of law,' within the meaning of the statute, is one of fact, depending upon the circumstances of each particular case, and the determination of it is a matter largely within the sound discretion of the court . . . [.]" ' " (*Barnard v. Municipal Court of San Francisco* (1956) 142 Cal.App.2d 324, 327.)  The burden was on FlightSafety to show it had no adequate remedy under the facts and circumstances of this case.  FlightSafety has made no attempt to

compare its specific factual circumstances with those in the cited cases, or otherwise carry its burden of showing that a tax refund action would be an inadequate remedy for it under its specific factual circumstances.

In light of our ruling that mandamus relief is not available to FlightSafety under the circumstances of this case, we need not address the issue of whether the extensions of time were valid.[4]

## DISPOSITION

We affirm the judgment of the trial court. Appellant FlightSafety to pay costs on appeal.

STRATTON, P. J.

We concur:

GRIMES, J.

WILEY, J.

---

[4] In light of our ruling, we deny the AAB's motion to augment the record.

11

Filed 10/20/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| FLIGHTSAFETY INTERNATIONAL, INC., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> LOS ANGELES COUNTY ASSESSMENT APPEALS BOARD, <br><br> Defendant and Respondent. | B313972 <br><br> (Los Angeles County Super. Ct. No. 19STCP04277) <br><br> ORDER CERTIFYING OPINION FOR PUBLICATION <br><br> [NO CHANGE IN JUDGMENT] |

THE COURT:

The opinion in the above-entitled matter filed on October 10, 2023, was not certified for publication in the Official Reports. For good cause, it now appears that the opinion should be published in the Official Reports.

[There is no change in the judgment.]

_____

STRATTON, P. J.          GRIMES, J.          WILEY, J.